## MOST WORSHIPFUL KING SOLOMON GRAND LODGE v. MITCHELL et al.
(No. 6682.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1921.)

Appeal and error ⬾148—One not a party to the suit had no right to file writ of error.

One who was not a party to the suit had no right to file writ of error, since, not having been a party, he was not affected by the judgment.

Error from District Court, Bexar County; J. T. Sluder, Judge.

Suit by the Most Worshipful King Solomon Grand Lodge and another against C. L. Mitchell and others. Judgment that plaintiff take nothing, and that the election of N. N. Boozier and others as officers of the plaintiff organization was illegal, and Boozier brings error. Writ of error dismissed.

Douglas & Carter, of San Antonio, for plaintiff in error.

Norton & Brown, of San Antonio, for defendants in error.

FLY, C. J. This suit was instituted by the Most Worshipful King Solomon Grand Ancient Free and Accepted Masons and Queen Esther Grand Chapter Order of the Eastern Star and Daughters of the Sphinx, a negro organization, against C. L. Mitchell, Sterling Williams, I. C. Collins, J. E. Spencer, F. P. Pruitt, and J. W. Williams, in which it was alleged that plaintiff is a corporation organized for the purpose of promoting and extending benevolence, charity and fraternity among its members and to form subordinate lodges and chapters in this state; that the Grand Master is the presiding officer of the Grand Lodge, who is elected annually. It was alleged that N. N. Boozier had been elected Grand Master and others to the other offices, and that they had taken charge of their respective offices, but that Mitchell and some other persons had seceded and set up a body and elected grand officers, Mitchell being Grand Master, Williams, Deputy Grand Master, Spencer, Senior Grand Warden, Pruitt, Grand Junior Warden, Sterling Williams, Grand Secretary, and I. C. Collins Grand Treasurer. The object of the suit was to have an accounting of the money and to recover judgment against each of them for $1,967.40, and that they be enjoined from acting as officers of plaintiff. The defendants filed a long cross-action, which was struck out by the court. The cause was tried without a jury, and judgment rendered that the plaintiff take nothing by its suit, and decreeing that the election of Boozier and others was illegal and void, and that Mitchell and his codefendants were the legal officers. Certain other people were declared to be the officers of the Grand Chapter Order of the Eastern Star and Daughters of the Sphinx. It was also decreed that Boozier, Black, and others were enjoined from representing themselves to be the officers of plaintiff and from interfering with the real officers. Boozier alone filed a petition for a writ of error as against the persons declared to be the regular officers of the plaintiff. In the petition for writ of error, he states:

"Your petitioner did not file a motion for new trial herein, not having been a party to said suit, and having entered no appearance therein, and having filed no answer herein. In this connection, petitioner respectfully represents that he has not had his day in court as to said judgment."

He does not pretend that he did not fully understand what was taking place in the lower court, and yet, not being a party to a suit affecting his interests, he made no effort to have himself made a party thereto, but endeavors to come into an appellate court through a writ of error, and, ignoring the plaintiff with the sonorous and long drawn out title, seeks to prosecute a case to which he was not a party. If he was not a party to the suit, it follows that he is not affected by it; if he has not had his day in court, there is no binding judgment against him, but he cannot adjudicate the points in a case to which he was not a party through the medium of a writ of error.

If, as alleged by Boozier, he was not served as a party to the suit, and made no appearance in the suit, no valid judgment could have been rendered against him, and his remedy could not be by appeal or error. Only parties to the record, as a general rule, can exercise that right. The only exception to the general rule is, when the party to an appeal or writ of error dies, the same may be prosecuted by his executor, administrator, or heir. Ferris v. Streeper, 59 Tex. 312; Streeper v. Ferris, 64 Tex. 12; Texas Land & Investment Co. v. Kennedy, 123 S. W. 150.

The writ of error is dismissed.