H. B. MASON, Jr., Petitioner,

v.

Katie B. MASON, Individually and as Independent Executrix and Trustee of the Estate of H. B. Mason, deceased, Respondent.

No. A–9108.

Supreme Court of Texas.

March 27, 1963.

Rehearing Denied April 24, 1963.

Taylor & Taylor, Temple, Richey, Sheehy, Teeling & Cureton, Waco, for petitioner.

Cox, Brown & Daniel, Temple, for respondent.

Roberto M. Benavides, Tom N. Goodwin, John E. Fitzgibbon, William C. Wright, Laredo, amici curiae for petitioner on rehearing after refusal of writ of error.

Perkins, Floyd, Davis & Oden, Alice, amici curiae in opposition.

CULVER, Justice.

The sole question here is whether certain named beneficiaries were necessary and in-

dispensable parties defendant to this action brought to contest the validity of a will after it had been admitted to probate. Contrary to the holding of the Court of Civil Appeals we answer that question in the negative.

The will of H. B. Mason, Sr., was duly admitted to probate. The will devised a life estate in a certain tract of land to Hubert B. Mason, Jr., son of the deceased. Mrs. Mason was granted a life estate in all of the remaining property. In addition she was named independent executrix and trustee with full power to manage, control, mortgage, or sell any and all of the estate with the provision that the proceeds of any disposition of the corpus should be reinvested but Mrs. Mason should enjoy and receive the net income therefrom during her lifetime.

The will expressly bestowed upon Mrs. Mason as executrix and trustee all of the powers and duties that are conferred on a trustee by the terms of the Texas Trust Act. In the event of Mrs. Mason's death or resignation, then The Temple National Bank should serve as independent executor and trustee with all of the powers, duties, and responsibilities theretofore conferred upon Mrs. Mason. After the death of Hubert Mason, Jr. and the death or incapacity of Mrs. Mason, The Temple National Bank as trustee, should support and maintain the children of Hubert Mason, Jr., and the children of Billie Burton Ozier, born prior to the death of the testator, during their minority, and as each child reached the age of 21 years The Temple National Bank as such trustee shall deliver to each his share of the estate, which would then be owned by such child in fee simple. If any grandchild should die before receiving his full share leaving one or more lineal descendants, then his share shall be delivered to the legal representatives of such descendants. During the term of the trust no child of Hubert Mason, Jr., or of Billie Burton

Ozier shall have the right to sell or mortgage any portion of his share nor shall the same be subject to execution or any other judicial process.

At the time of the testator's death there were living Richard Gregg Mason, a son of Hubert Mason, Jr., and Michael Mason Ozier and Gary Pearson Ozier, the children of Billie Burton Ozier. Hubert B. Mason, Jr., was the son of testator by a former marriage. Billie Burton Ozier was the son of Mrs. Mason by a former marriage.

Hubert B. Mason, Jr., brought a contest of the validity of the will on the ground of undue influence. The above named minor beneficiaries were not made parties defendant. The trial court on the basis of a jury verdict favorable to the contestant rendered judgment declaring the will to be a nullity and vacating the order admitting the same to probate.

Mrs. Mason, individually and as independent executrix and trustee, appealed alleging, among other grounds, lack of evidence to support the jury finding of undue influence.

The Court of Civil Appeals on its own motion held that these minor beneficiaries were necessary and indispensable parties in whose absence the trial court was without power to render judgment, all of which constituted fundamental error.[1] The court therefore reversed the judgment and remanded the cause to the trial court with instructions that the minor beneficiaries be impleaded.

As we understand the holding of the Court of Civil Appeals it is predicated upon the theory that, while § 93 of the Probate Code does not designate who should be named as parties defendant in a suit brought to contest the validity of a will, nevertheless all those who have an interest in the matter must be impleaded as in any other cause of action and if § 33 of the Code is construed otherwise it would be uncon-

stitutional and void. The briefs of the parties are principally devoted to a discussion of that proposition.

We rest our decision on the doctrine of virtual representation as applied to the facts in this case where the beneficiaries are cestuis and Mrs. Mason is expressly named as trustee.

The doctrine of virtual representation is applicable to this case. Mrs. Mason as trustee with full power to manage, control, mortgage or sell any and all of the estate with the right to enjoy and receive all of the net income therefrom during her lifetime was empowered to defend this trust and to represent all interested parties. The fact that these three named minor beneficiaries were not made parties to this action does not render the judgment void and subject to collateral attack nor does it constitute fundamental error. Where a suit is brought to cancel a trust instrument the beneficiaries are considered to be adequately represented by the trustee if their interest be not in conflict. They are proper but not necessary and indispensable parties in such a case.

In Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377, we quoted with approval from Bogerts, Trust and Trustees, § 593 as follows:

"* * * The earlier equity rule was that the beneficiary was always a necessary party, but the present position of the courts is that the trustee may represent the cestui que trust in all actions relating to the trust, if rights of the cestui que trust as against the trustee, or the rights of the cestuis que trust between themselves, are not brought into question. In other words, in all cases where there is no conflict of interest between cestui que trust and trustee, or between the several cestuis que trust, the trustee may sue and be sued without joining the cestuis que trust. * * *."

The test as set forth in Restatement of the Law, Trusts, § 280–i is that the beneficiary is a necessary party only if a complete determination of the controversy cannot be had unless he is a party, for instance, as where the suit involves a controversy or conflict of interest between the trustee and the beneficiaries, or among the beneficiaries. See also Scott on Trusts, § 290.7.

There is no showing that the interests of these minor beneficiaries have in any way been prejudiced by the failure to join them in the suit. It does not appear that the verdict of the jury and the judgment of the district court would have been different in any respect had they been represented at the trial by a guardian or attorney ad litem. The contents of the will and the provisions for these beneficiaries were made known to the jury. The only issue to be decided was whether or not the will was the result of undue influence exercised upon the testator by his wife, Mrs. Mason. It is not claimed that any conflict of interest exists between the trustee and these beneficiaries nor is there the slightest hint of any collusion or fraud. To the contrary the interests of the trustee and these beneficiaries were identical.

In Galveston, H. & S. A. R. R. Co. v. Butler, 56 Tex. 506, the court in that respect distinguished between an action brought to set aside the trust instrument and to declare it a nullity, and one brought in furtherance of a trust to enforce its provisions and establish its validity. The former action may be maintained without the presence of the beneficiaries since the trustee is sufficient to represent and defend interests of all who claim under the trust. It is the duty of the trustee and he is so empowered to defend the trust against all assailants. Every defense that can be made by the beneficiaries can be made by the trustee and having accepted the trust he is interested in upholding its validity. In the latter action all of the beneficiaries should be joined, says the court, so that the whole matter may be adjusted in one proceeding and a multi-

plicity of suits avoided. See Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 88 Tex. 468, 27 S.W. 100; Cavers v. Sioux Oil & Refining Co., 39 S.W.2d 862, Tex.Com. App.; Preston v. Carter et al., 80 Tex. 388, 16 S.W. 17; McDonald v. Alvis, 154 Tex. 570, 281 S.W.2d 330.

The reason for the application underlying the rule is aptly stated in Cottman Co. v. Continental Trust Co., 169 Md. 595, 182 A. 551:

"'* * * It is the interest which the court is considering, and the owner merely as the guardian of that interest; if, then, some other persons are present, who, with reference to that interest, are equally certain to bring forward the entire merits of the question, the object is satisfied for which the presence of the actual owner would be so required, and the court may, without putting any right in jeopardy, take its usual course and make a complete decree.'"

See 9 A.L.R.2d, Anno-Trust Beneficiaries as Parties, Sections 3, 4, 28 and 29.

In Slay v. Burnett Trust, supra, suit was brought by certain trustees against other trustees for damages resulting from mismanagement and for the recovery of trust property. Even in that case the court held that the trustees were authorized to prosecute the suit in their own official capacity without the beneficiary being made a party in the absence of any fraud or collusion between the trustees and the adverse party.

There are various cases of hostile attack where the cestuis were regarded as necessary parties, but most of them are explained by the absence of authority on the part of the trustee, where there was some conflict of interest or for other reasons. See Ebell v. Bursinger, 70 Tex. 120, 8 S.W. 77; Whitsett v. Whitsett, Tex.Civ.App., 1947, 201 S.W.2d 114, ref. n. r. e. In this case no such objections appear.

Accordingly we hold the judgment is not void. We therefore reverse the judgment of the Court of Civil Appeals and remand the cause to that court for consideration of the points of error raised in her appeal by the respondent-executrix-trustee.