**INDUSTRIAL GENERATING CO.,**
Appellant,

v.

**James W. JENKINS, Appellee.**

No. 11430.

Court of Civil Appeals of Texas.

Austin.

Dec. 7, 1966.

Rehearing Denied Jan. 11, 1967.

Clark, Thomas, Harris, Denius & Winters, James H. Keahey, Austin, Burford, Ryburn & Ford, Logan Ford, Spencer C. Relyea, III, Dallas, for appellant.

Barkley, Cutcher & Alderson, James L. Cutcher, Taylor, for appellee.

HUGHES, Justice.

This attempted appeal is by way of writ of error proceedings the purpose of which is to review a judgment rendered in cause styled James W. Jenkins v. Pan American Life Insurance Company, No. 15,461, on the docket of the District Court of Milam County. The defendant in that suit, and the only defendant, Pan American Life Insurance Company, did not perfect an appeal from such judgment.

We quote from appellant's Petition for Writ of Error the following as indicating the basis upon which it asserts a right to appeal from the judgment entered in this case:

"The Court, in the above numbered and entitled cause, rendered and entered a judgment on December 10, 1965, recorded in Volume Q page 632–633 of the Minutes of the District Court of Milam County, Texas, where James W. Jenkins is plaintiff and Pan American Life Insurance Company is defendant. This judgment purports to fix the number of installments within which the proceeds of a group insurance policy recovered from defendant by plaintiff herein would be paid, although the right to determine such installments under the contract of insurance upon which this motion is based is vested solely in this petitioner. In spite of the fact that this petitioner was a party to the insurance contract upon which this action is based, was conferred the right to fix the installments of any proceeds paid thereunder, and purchased and paid for such right by contributing to the premiums paid thereunder, petitioner was not joined as a party defendant, was not served with citation and was not represented by counsel upon trial of the cause. Petitioner as a necessary and indispensable party to this action therefore has the right to file this application for writ of error to bring all errors of law committed by the trial court before this appellate court."

The record shows that appellee, James W. Jenkins, sued Pan American Life Insurance Company to recover benefits under a group policy of insurance issued to his employer, Industrial Generating Company, alleging that he sustained accidental injury while working as an employee of Industrial. Appellee's Petition contained the following allegation:

"Plaintiff would further show unto the Court that the stipulations in said policy provide that such benefits, in the sum of FOURTEEN THOUSAND AND NO/100 ($14,000.00) DOLLARS, for total and permanent disability should be paid in a fixed number of monthly installments chosen by Plaintiff's employer, Industrial Generating Company. However, Plaintiff would show that he is totally and permanently disabled and is entitled to the full sum of such benefits and the same should be paid in a lump sum. However, in the alternative, if it should be found that Plaintiff is not entitled to receive said benefits in a lump sum under said policy, then and in that event Plaintiff would show unto the Court that the said employer, Industrial Generating Company, is prejudiced against this Plaintiff and that the agents, servants and employees of the said Industrial Generating Company, who would normally be the proper persons to fix the number of monthly installments under said policy, are also agents, servants and employees of the Pan American Life Insurance Company and, therefore, Plaintiff requests this Honorable Court to set the number of installments for Plaintiff herein."

The insurance policy sued on provided that benefits under it should be paid " * * in a fixed number of monthly installments chosen by the Employer from the following table, but extending over a period of not less than two years. * * * "

Pan American questioned the absence of Industrial by special exception and by motion for judgment notwithstanding the ver-

dict, contending that Industrial was a necessary and indispensable party. The exception and motion were overruled.

Following trial to a jury, the court entered an interlocutory judgment from which we quote:

"The Court finds that the said policy of insurance designates Industrial Generating Company of Rockdale, Texas, as the employer under the terms of said policy to choose the number of installments in which the insurance is to be paid and the Court hereby orders the Clerk of this Court to furnish the said Industrial Generating Company a certified copy of this Interlocutory Decree and to request the said Industrial Generating Company to designate, in writing, the number of installments in which the insurance should be paid and to furnish a copy of the same to the Court and to all attorneys of record in this cause on or before 4th day of September, 1965.

It is further ORDERED that a hearing should be had in this cause at ten o'clock A.M. on September 10th, 1965, at which time the Court will determine all issues pertaining to the amount of recovery, the manner of payment of same and any and all other issues raised by the pleadings on file herein."

Although Industrial was notified as directed by the court, it failed to respond and the court entered judgment ordering benefits totaling $14,762.28, plus penalty and attorney's fees, to be paid appellee over a period of five years in monthly installments of $254.66, commencing as of November 15, 1960.

Appellee has moved to dismiss the appeal of Industrial on the ground that it was not a party to the suit below and has no right of appeal.

Appellant replied to this motion by stating that the motion to dismiss goes to the merits of its petition for writ of error and that ruling on the motion should be postponed until after briefs were filed and oral arguments made. Appellant filed its original brief but in it we find no point directed to its right of appeal and no discussion of the question. It also filed a reply to appellee's brief, but it, too, is silent regarding the motion to dismiss.

By a post submission brief, appellant asserts that it is entitled to appeal by writ of error since it is "clearly" a party within the meaning of Arts. 2249, 2249a, 2250, 2251, 2255, Vernon's Ann.Tex.Civ.St., and Rules 352 and 363, Texas Rules of Civil Procedure, and cites Ambassador Oil Corp. v. Robertson, 384 S.W.2d 752, Tex.Civ. App. (Austin), writ ref., n. r. e., Robertson v. Blackwell Zinc Co., 390 S.W.2d 472, Tex. Sup.Ct., and Specia v. Specia, 292 S.W.2d 818, Tex.Civ.App. (San Antonio), writ ref., n. r. e. as supporting its conclusion.

Ambassador is not in point. It was a class suit brought under the provisions of Rule 42, T.R.C.P. It was held that a noncited, nonappearing, member of the class could appeal. The suit below was not a class suit. Pan American and Industrial do not constitute a class " * * * so numerous as to make it impracticable to bring them all before the Court" as required by Rule 42.

Specia is a will contest.[1] The executors named in the will, Ben Specia, Jr. and G. J. Luchese, filed application in the County Court for its probate. A contest, on the ground of lack of testamentary capacity of testator was filed by Charles Specia. The will was admitted to probate in the County Court, but denied probate in the District Court. The executors did not appeal. David Specia, one of the principal beneficiaries under the will, perfected an appeal by writ of error. The court held David Specia to be a party and entitled to appeal. This holding is correct under the doctrine of virtual representation. Mason v. Mason,

1. This case, being a probate case, is distinguishable. Gunn v. Cavanaugh, 391 S.W.2d 723, Tex.Sup. (1965).

366 S.W.2d 552, Tex.Sup. (1963). The Court there held minor beneficiaries under a will were virtually represented by Mrs. Mason, a beneficiary under the will and its executrix and trustee, where the only issue submitted to the jury was whether it was procured through undue influence, the Court saying that " * * * the interests of the trustee and these beneficiaries were identical."

It is the identity of interests which is of paramount importance in determining the applicability of the doctrine of virtual representation. 39 American Jurisprudence, Parties Sec. 47. If the interest of the parties in court is not identical with the interests of those who are absent and who are sought to be bound by the judgment, then there is no safe guarantee that those absent will be adequately represented by those present. The Court in Mason quoted, approvingly, the following from Cottman Co. v. Continental Trust Co., 169 Md. 595, 182 A. 551:

"* * * It is the interest which the court is considering, and the owner merely as the guardian of that interest; if, then, some other persons are present, who, with reference to that interest, are equally certain to bring forward the entire merits of the question, the object is satisfied for which the presence of the actual owner would be so required, and the court may, without putting any right in jeopardy, take its usual course and make a complete decree."

We also quote from Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22:

"It is one thing to say that some members of a class may represent other members in a litigation where the sole and common interest of the class in the litigation, is either to assert a common right or to challenge an asserted obligation. * * * It is quite another to hold that all those who are free alternatively either to assert rights or to challenge them are of a single class, so that any group merely because it is of the class so constituted, may be deemed adequately to represent any others of the class in litigating their interests in either alternative. Such a selection of representatives for purposes of litigation, whose substantial interests are not necessarily or even probably the same as those whom they are deemed to represent, does not afford that protection to absent parties which due process requires. The doctrine of representation of absent parties in a class suit has not hitherto been thought to go so far."

It is obvious that the interests of Pan American and Industrial are not identical. The interest of Pan American is one of liability for the payment of more than $19,000.00. The interest of Industrial is merely to prescribe the period over which such payments should be made. But for allegations contained in appellee's pleadings, we would consider the position of Industrial, the employer, to be of a paternalistic nature in behalf of its employee and, hence, more closely aligned with the prosecution of his claim rather than with the defense of it. It is enough for us to hold, however, that identity of interest of Pan American and Industrial is not present and that the doctrine of virtual representation is not applicable.[2]

We believe that this case is controlled by the opinion in Gunn v. Cavanaugh, 391 S.W.2d 723, Tex.Sup. (1965). There the Court followed the time honored rule that only persons who are parties or their privies, regardless of their interest in the outcome of a case, may appeal from the judgment in the case, and if relief from such judgment is sought by persons other than parties and their privies, such relief must be sought in a court of original jurisdiction.

2. Quere: What would Pan American say if Industrial had attempted to represent it in the court below, in the absence of Pan American, on the theory of virtual representation?

**662**

We believe that the language of Chief Justice Fly in Most Worshipful King Solomon Grand Lodge v. Mitchell, 234 S.W. 687, Tex.Civ.App., San Antonio, no writ, where the Court held that one Boozier who had been enjoined from representing the Lodge, but who was not a party and could not appeal by writ of error, is peculiarly appropriate here:

"Boozier alone filed a petition for a writ of error as against the persons declared to be the regular officers of the plaintiff. In the petition for writ of error, he states:

'Your petitioner did not file a motion for new trial herein, not having been a party to said suit, and having entered no appearance therein, and having filed no answer herein. In this connection, petitioner respectfully represents that he has not had his day in court as to said judgment.'

He does not pretend that he did not fully understand what was taking place in the lower court, and yet, not being a party to a suit affecting his interests, he made no effort to have himself made a party thereto, but endeavors to come into an appellate court through a writ of error, and, ignoring the plaintiff with the sonorous and long drawn out title, seeks to prosecute a case to which he was not a party. If he was not a party to the suit, it follows that he is not affected by it; if he has not had his day in court, there is no binding judgment against him, but he cannot adjudicate the points in a case to which he was not a party through the medium of a writ of error.

If, as alleged by Boozier, he was not served as a party to the suit, and made no appearance in the suit, no valid judgment could have been rendered against him, and his remedy could not be by appeal or error. Only parties to the record, as a general rule, can exercise that right."

We express no opinion upon the validity of the judgment below; it is not before us.

The motion to dismiss this appeal is granted.

## ON MOTION FOR REHEARING

In our original opinion we stated that, "The interest of Industrial is merely to prescribe the period over which such payments should be made." Appellant directs our attention to the policy issued by Pan American which provides that the amount of premiums paid by Industrial are offset by refunds based on its loss experience under the policy from which Industrial concludes, "Thus Industrial's right to designate the period over which benefit payments should be paid is one which is valuable to it, and one which should not be lightly regarded. Indeed, because Industrial's loss experience determines its future premiums, it has an equally real, direct interest in resisting liability under the policy if it deems such action appropriate."

We find nothing unique in the provision of the policy that rates are affected by losses. All insurance rates are affected by losses.

Even though the interest of appellant in the suit brought by appellee is greater than stated in our original opinion, we hold that it lacks sufficient identity with the interest of Pan American to come within the rule which we quoted from Hansberry v. Lee. The substantial interests of Pan American and Industrial are not necessarily or even probably the same.

Appellant in its motion for rehearing states, "We agree with the Court that the doctrine of virtual representation is inapplicable here * * *"

The motion is overruled.