Reversed and Remanded and Majority and Concurring Opinions filed January
16, 2003









Reversed and Remanded and Majority and Concurring
Opinions filed January 16, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-00-01201-CV

____________

 

 JAMES WOJCIK,
JANETTE MEDLIN, DIANE WOJCIK, AND 

VERONICA
WHITE, Appellants

 

V.

 

SOPHIE WESOLICK, INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF
ADAM WOJCIK, DECEASED, Appellee

 



 

On
Appeal from the County Court at Law

Walker County, Texas

Trial
Court Cause No. 6325

 



 

C
O N C U R R I N G  
O P I N I O N

I
agree with the Court that the Texas Probate Code does not require joinder of the devisees in this will contest.  I write separately because I doubt this is
either a legislative mistake or constitutionally questionable.








All
parties here are nieces and nephews of the testator.  Three of them (two sisters and a cousin)
filed a document requesting probate of the challenged will and appointment of
one of them (Sophie Wesolick) as the estate=s
representative.  Allowing for holes cut
in the proffered will, only these three were named as devisees.  Their application purported to waive service Afor
all purposes,@ though the form was defective. 
See Tex. R. Civ. P. 119
(requiring that waiver of service acknowledge receipt of petition and show
execution after suit filed). 

Within
six months, appellants began to file will contests.  Several of the contests named all three
devisees, and were sent to the attorney listed on their application for
probate.  Wesolick,
now the estate=s representative, waited 22 months to complain that her fellow
devisees should be joined and served separately.  This was 26 months after the will was
admitted to probate, and thus four months after limitations had run.  See Tex.
Probate Code ' 93.  The trial court
agreed, and dismissed all contests. 

The Probate Code
does not generally require service of citation, or even notice.  See id.' 33(a).  While service is required in a few specific circumstances,
a will contest is not one of them.  See
id. '
93.  The
legislature may have chosen not to require personal service on devisees in a
will contest as they are the claimants who started the proceeding.  They can keep themselves informed by simply
requesting the clerk to give them notice of everything filed in the case.  See id. ' 33(j).  Because the
summary judgment here did not prove otherwise, we must assume they were so
informed, and simply lay behind a log till limitations passed.








In
any event, I believe personal service here was unnecessary because of the joinder of Wesolick, the devisees=
virtual representative.  Forty years ago,
the Texas Supreme Court held that when a will contest is brought against an estate=s representative, other devisees are
proper but not indispensable parties under the doctrine of virtual
representation.[1]  Mason v. Mason,
366 S.W.2d 552, 553 (Tex. 1963).  While
the doctrine would not apply if a conflict of interest, collusion, or fraud
were to keep the representative  from
effectively representing the interests of the devisees, id. at 554,
there was neither allegation nor proof of such problems here.[2] 
As movant for summary judgment, Wesolick was required to prove the devisees were
indispensable parties as a matter of law; by failing to even address virtual
representation and Mason, she has failed to do so.[3] 

One of my colleagues finds Mason
Ano
longer useful@ because constructive notice prevents devisees Afrom
relying upon an executor.@  But the question in
this case is not whether the devisees knew of the suit, but whether they
had to be served.  Constructive or
even actual notice is not enough when service of citation is required.  See Wilson v. Dunn, 800 SW2d 833, 836
(Tex 1990) (actual receipt of process insufficient to support default when
service was defective).  I also doubt
that virtual representation has disappeared from the trial courtsCtrustees
and executors remain parties whose actions bind the beneficiaries of their
representation.  See Rooke v. Jenson, 838 S.W.2d 229, 230 (Tex. 1992); Hedley
Feedlot, Inc. v. Weatherly Trust, 855 SW2d 826, 832 (Tex. App.CAmarillo
1993, writ denied).  But even if Mason
is wrong, we still must follow it until the Supreme Court says otherwise.  See Lubbock County v. Trammel's Lubbock Bail
Bonds, 80 S.W.3d 580, 585 (Tex. 2002). 








Here,
the estate=s representative knew her sister and cousin would be affected
by a will contest, yet waited until limitations had passed to Aprotect@
them.  Statutes of limitation were not
created Ato
provide a log behind which opportunistic defendants could smugly lay [sic] for
two years and then emerge solemnly proclaiming their statutory rights.@
 Rooke,
838 S.W.2d at 230 (quoting Castro v. Harris County, 663 S.W.2d 502, 505
(Tex. App.CHouston [1st Dist.] 1983, writ dism'd)).  Thus, I agree the trial court erred in
dismissing the will contest for failure to serve the devisees.

 

 

/s/        Scott
Brister

Chief Justice

 

 

 

 

Judgment rendered and Majority and
Concurring Opinions filed January 16, 2003.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

 

 











[1]  Virtual
representation allows a non-party to be deemed a party if the non-party=s interests: (1) are determined by the judgment; (2)
appear from the record; and (3) are identical to those of a party to the
judgment.  Motor Vehicle Bd. of Tex.
Dept. of Transp. v. El Paso Independent Auto. Dealers
Ass'n, Inc., 1 S.W.3d 108, 110 (Tex. 1999).  Each is certainly the case here. 





[2]  The Probate
Code=s appellate provisions incorporate the doctrine of
virtual representation, allowing devisees to appeal any order
affecting them even if they never join in the will contest.  See Tex.
Prob. Code  ''
3(r), 31, & 312(e); compare San
Juan 1990‑A, L.P. v. Meridian Oil Inc., 951 S.W.2d 159, 163-64 (Tex. App.CHouston
[14th Dist.] 1997, pet. denied) (holding virtual representation allows a
non-party to appeal from a judgment).





[3]  Counsel for Wesolick cited only the intermediate appellate court=s opinion in Mason, noted that it was reversed
by the supreme court, but alleged reversal was on Aother grounds.@