In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00051-CV
______________________________


 
 
IN THE ESTATE OF
RAYMOND HAROLD HEAD, DECEASED
 
 


                                              

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 03C0363-102


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          This appeal concerns whether the trial court erred by granting (1) the request of a
will opponent for deemed admissions and (2) summary judgment in the opponent's favor
based on those deemed admissions. For the reasons set forth below, we conclude this
Court lacks jurisdiction and, therefore, dismiss the appeal.
I. Factual and Procedural Background
          During his life, Raymond Harold Head was married first to Joy Works from 1964 until
her death in 1979. Raymond


 had two daughters from that marriage: Marla (now Hohner)
and Lori Anne (now Tally). On November 2, 1996, Raymond married Delores Alford.



Raymond and Delores were married for more than six years when he died February 13,
2003, from an acute myocardial infarction; he was seventy-two. The record before us does
not indicate that Raymond and Delores had any children together. 
          Eight days after Raymond's death, Dale Works


 filed an application to probate a
copy of a will Raymond purportedly executed January 31, 1996. This 1996 testament
appointed Dale as independent executor and gave half of Raymond's estate to Marla, one
fourth to Lori, and one fourth to Clayton Tally (Raymond's grandson by way of Lori). The
1996 will left nothing to Delores. 
          Delores subsequently protested admission of the 1996 will to probate, and on
August 6, 2003, she served Dale with requests for admissions. In relevant part, the
requests asked Dale to admit or deny the following:
1.             Dale Works does not have custody of any original Will of
Raymond Head, deceased.
 
2.             Dale Works does not have custody of any original Prenuptial
Agreement signed by Delores Head.
 
3.             Dale Works does not know the present location of the original Will
of Raymond Head.
 
                . . . .
 
6.             Marla Hohner does not have custody of any original Will of
Raymond Head, deceased.
 
7.             Marla Hohner does not have custody of any original Prenuptial
Agreement signed by Delores Head.
 
. . . .
 
11.           Lori Anne Talley [sic] does not have custody of any original Will of
Raymond Head, deceased.
 
12.           Lori Anne Talley [sic] does not have custody of any original
Prenuptial Agreement signed by Delores Head.
 
                . . . .
 
22.           Raymond Head removed his will from his safety deposit box prior
to his death.
 
23.           Raymond Head revoked his will prior to his death.
 
24.           Raymond Head died intestate.
 
          When Dale did not answer the requests by September 4 (thirty days from the date
of service), see Tex. R. Civ. P. 198.2(a), Delores filed a motion for summary judgment
September 11, 2003, claiming (1) that she was entitled to have the requests for admissions
be deemed admitted and (2) that, based on those deemed admissions, she was entitled
to a summary judgment stating Raymond died intestate. See Tex. R. Civ. P. 198.2(c)
(effect of failure to respond timely to requests for admissions); Tex. R. Civ. P. 198.3 (matter
admitted under rule for deemed admissions conclusively established as to party making
admission unless court permits party to withdraw or amend admission).
          Dale filed a response to the motion for summary judgment October 10, 2003. Dale's
response included an attachment with his answers to the earlier requests for admissions. 
These responses were signed and dated October 10, 2003. In the responses relevant to
the above-specified requests, Dale admitted numbers 1, 2, 6, 7, 11, and 12 were true; he
denied 3, 23, and 24 were true; and he wrote he was "unable to admit or deny" whether
number 22 was true.
          The trial court held a hearing on Delores' motion for summary judgment October 20,
2003. At that hearing, the court granted Delores' request that the admissions served on
Works be deemed admitted; the court then granted Delores' motion for summary judgment.


 
The written judgment, dated October 24, 2003, declares that Raymond died intestate. On
November 24, 2003, Works filed a "Motion To Reconsider" in which he asked the trial court
to withdraw its grant of summary judgment in favor of Delores. That motion did not
specifically ask the trial court to allow Dale to withdraw the deemed admissions. 
          On January 5, 2004, Marla filed a motion for substitution of counsel. That same day,
Works filed an amended motion for new trial, which asked in an alternative pleading that
Dale be allowed to withdraw his deemed admissions.


 Both Marla's motion and Works'
motion were filed by the same attorney. The amended motion for new trial appears to have
been overruled by operation of law. See Tex. R. Civ. P. 329b(c) (motion for new trial not
ruled on within seventy-five days of judgment considered overruled; seventy-fifth day was
Wednesday, January 7, 2004). Marla, Lori, and Clayton (collectively "the beneficiaries"),
as the beneficiaries under the will, filed this restricted appeal March 19, 2004.


 See Tex.
R. App. P. 30. Delores contends we are without jurisdiction to consider their appeal
because the beneficiaries filed post-trial motions, participated in the proceedings, and were
parties under the doctrine of virtual representation. 
II. Does This Court Have Jurisdiction To Consider the Beneficiaries' Restricted
Appeal?
 
          "A restricted appeal is available for the limited purpose of providing a party that did
not participate at trial with the opportunity to correct an erroneous judgment." TAC
Americas, Inc. v. Boothe, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.) (citing In re
E.K.N., 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.)). 
For a restricted appeal to be successful: (1) a notice of restricted appeal
must be filed within six months after judgment is signed; (2) by a party to the
lawsuit; (3) who did not participate in the hearing that resulted in the judgment
complained of; (4) who did not file a timely post-judgment motion or request
for findings of fact and conclusions of law; and (5) error must be apparent on
the face of the record.
 
Id. (citing Tex. R. App. P. 30; Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985)); see also
Tex. R. App. P. 26.1(c) (time to file restricted appeal is within six months after appealable
judgment or order is signed). Delores contends the beneficiaries cannot satisfy the Rule 30
requirements to bring this restricted appeal.
          A. Was the Notice of Restricted Appeal Filed Within Six Months?
          The first requirement to bring a restricted appeal is that the notice of restricted appeal
be filed within six months of the date of the trial court's judgment. Tex. R. App. P.
26.1(c), 30. In this case, the trial court signed the summary judgment October 24, 2003. 
The notice of restricted appeal was filed March 19, 2004. The notice was, therefore, filed
within the applicable time period. The beneficiaries meet the first Rule 30 requirement.
          B. Were the Beneficiaries Parties to the Will Contest?
          The second requirement to bring a restricted appeal is that the aggrieved party be
a party to the underlying suit. Tex. R. App. P. 30. A major beneficiary under a will is
considered a party to a will contest, even though not personally named as a party. Specia
v. Specia, 292 S.W.2d 818, 819 (Tex. Civ. App.—San Antonio 1956, writ ref'd n.r.e.) (citing
Waurika Oil Ass'n v. Ellis, 254 S.W. 1032 (Tex. Civ. App.—Amarillo 1923, no writ)). Marla,
Lori, and Clayton are named beneficiaries under the will, each receiving a sizeable portion
of Raymond's estate. The beneficiaries, therefore, satisfy Rule 30's second requirement.
          C. Did The Beneficiaries Participate in the Proceedings Below?
          The third requirement to bring a restricted appeal is that the appealing party did not
participate—"either in person or through counsel"—in the proceedings below. Tex. R. App.
P. 30. The heart of the parties' disagreement on appeal is whether the beneficiaries
participated in the proceedings below. If the beneficiaries did participate, then that
participation precludes their ability to bring this restricted appeal. See id. Delores contends
all the beneficiaries should be considered to have participated in the proceedings below
under the doctrine of "virtual representation." We agree.
          "Under Texas jurisprudence, an appeal can generally only be brought by a named
party to the suit." City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 754
(Tex. 2003). "[T]he doctrine of virtual representation is an exception to the general rule." 
Id. at 754–55. "An appellant is a deemed party under virtual representation when: (1) it is
bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and
(3) there is an identity of interest between the appellant and a party to the judgment." Id.
at 755. The most important consideration is whether the appellant will be bound by the
judgment. Id. (referencing Devlin v. Scardelletti, 536 U.S. 1 (2002)); see also Mason v.
Mason, 366 S.W.2d 552, 554 (Tex. 1963) (applying doctrine of virtual representation to
case involving challenge to trust created by will).
          In Mason, 366 S.W.2d at 552–53, the question arose "whether certain named
beneficiaries were necessary and indispensable parties defendant to this action brought to
contest the validity of a will after it had been admitted to probate." The Texas Supreme
Court answered that question negatively. Id. at 553. The Mason court first set forth the
general rule regarding the doctrine of virtual representation as it applies in probate matters: 
"Where a suit is brought to cancel a trust instrument the beneficiaries are considered to be
adequately represented by the trustee if their interest be not in conflict." Id. at 554. The
Mason court then noted that the evidence in Mason suggests not even "the slightest hint
of any collusion or fraud. To the contrary the interests of the trustee and these beneficiaries
were identical." Id. The Mason court further acknowledged that the trustee (which in Mason
was the wife and executor) had "full power to manage, control, mortgage or sell any and all
of the estate with the right to enjoy and receive all of the net income therefrom during her
lifetime [and] was empowered to defend this trust and to represent all interested parties." 
Id.
          In the instant case, there is no evidence the interests of the beneficiaries are adverse
to the interests of Dale, the person named as executor in the will. Further, as the named
executor, Dale had statutory and fiduciary duties to protect the interests of the devisees. 
See, e.g., Tex. Prob. Code Ann. § 230 (Vernon 2003) (statutory duty to protect estate
property); Punts v. Wilson, 137 S.W.3d 889, 891 (Tex. App.—Texarkana 2004, no pet.)
(relationship between executor and beneficiaries gives rise to fiduciary duty) (citing Huie v.
DeShazo, 922 S.W.2d 920, 923 (Tex. 1996)); Byrd v. Woodruff, 891 S.W.2d 689, 706 (Tex.
App.—Dallas 1994, writ dism'd by agr.). The very purpose of Dale's involvement in the trial
court proceedings was to protect the beneficiaries' general legacy. And we cannot discern
any disharmony between the purpose of Dale's involvement and the beneficiaries' interests
in having the 1996 testament admitted to probate. We conclude that, under the doctrine
of virtual representation, all the beneficiaries are deemed to have participated in the
proceedings below. They, therefore, cannot meet Rule 30's third requirement to bring a
restricted appeal.
          D. Did the Beneficiaries File Timely Post-Judgment Motions That Bar Their            Appeal?
 
          The fourth requirement to bring a restricted appeal is that the aggrieved party could
not have timely filed a post-judgment motion, a post-judgment request for findings of fact
and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1 of the
Rules of Appellate Procedure. Tex. R. App. P. 30. Delores contends the beneficiaries
timely filed post-judgment motions, precluding their restricted appeal, and cites Rios v.
Willingham, No. 05-01-01284-CV, 2003 Tex. App. LEXIS 1276, at *3, 5–6 (Tex.
App.—Dallas Feb. 6, 2003, no pet.) (not designated for publication). 
          In Rios, the party attempting to bring a restricted appeal filed a motion for new trial
within thirty days of the date of the trial court's judgment. Id. at *6. The court of appeals
concluded that, because Rios had "timely filed a motion for new trial, he may not pursue a
restricted appeal under Tex. R. App. P. 30." Id. The court of appeals then dismissed the
appeal for want of jurisdiction.
          In this case, the trial court signed its summary judgment October 24, 2003. Our
Rules of Civil Procedure require a motion for new trial to be filed within thirty days after the
judgment. Tex. R. Civ. P. 329b. Dale filed a "Motion To Reconsider" on Monday,
November 24, 2003. The motion asks the trial court to reconsider its award of summary
judgment and gave reasons that might justify a decision by the trial court to set aside its
earlier judgment. As we are to construe a party's pleadings liberally rather than limit the
function of those pleadings according to the mere titles they are given, we believe Dale's
"Motion To Reconsider" served the same function as a motion for new trial, despite not
being titled as such. Accord Rabe v. Guar. Nat'l Ins. Co., 787 S.W.2d 575, 579 n.1 (Tex.
App.—Houston [1st Dist.] 1990, writ denied) (motion to rehear summary judgment is
equivalent of motion for new trial). Dale's motion to reconsider was also filed within thirty
days of the trial court's judgment because the thirtieth day following October 24 was
Sunday, November 23, 2003, and Dale's "Motion To Reconsider" was filed the following
Monday. See Tex. R. Civ. P. 4. The record, and specifically the trial court's docket sheet,
does not show the trial court ever specifically ruled on Dale's motion to reconsider, which
leads us to conclude it was overruled by operation of law January 7, 2004, the seventy-fifth
day after the trial court signed its judgment. See Tex. R. Civ. P. 329b(c). The motion to
reconsider was a timely filed post-judgment motion.
          On January 5, 2004, Dale filed a "First Amended Motion for New Trial." That filing
occurred more than thirty days after the trial court rendered its written judgment. "One or
more amended motions for new trial may be filed without leave of court before any
preceding motion for new trial filed by the movant is overruled and within thirty days after
the judgment or other order complained of is signed." Tex. R. Civ. P. 329b(b). The Texas
Supreme Court has interpreted Rule 329b(b) to mean that, for a party to properly amend
a motion for new trial, the amended motion for new trial must also be filed within thirty days
of the date of the trial court's judgment; the filing of a prior motion for new trial does not
thereafter enable a movant to amend that motion outside the initial thirty-day time period. 
Moritz v. Preiss, 121 S.W.3d 715, 719–20 (Tex. 2003). Accordingly, the "First Amended
Motion for New Trial" was untimely under both our Rules of Civil Procedure and the caselaw
interpreting those rules. Dale's first amended motion, therefore, does not, by itself,
disqualify the beneficiaries from bringing this restricted appeal under Rule 30's fourth
requirement. 
          Nevertheless, because we have determined the parties were represented at the
proceedings below under the doctrine of virtual representation, Dale's timely filing of a
"Motion To Reconsider" may similarly be imputed to all the beneficiaries as post-judgment
conduct that acts to preclude this restricted appeal under Rule 30's fourth requirement. 
          Moreover, the beneficiaries filed a motion January 5, 2004, to substitute counsel; that
motion named a different attorney, who is the same attorney who filed Dale's first amended
motion for new trial, as the new attorney of record in the case. While a motion to substitute
counsel is more aptly characterized as a procedural motion rather than a substantive motion
(such as a motion for new trial), the motion to substitute counsel was nevertheless a motion
(a) filed by the beneficiaries, (b) following the trial court's judgment, and (c) within the
seventy-five-day period during which the trial court still had plenary authority to act in the
case. See Tex. R. Civ. P. 329b(c). Thus, the beneficiaries' motion to substitute counsel
could arguably defeat their ability to bring a restricted appeal under Rule 30's fourth
requirement.
          E. Is There Error on the Face of the Record?
          Rule 30's fifth prerequisite for bringing a restricted appeal is that error must appear
on the face of the appellate record. TAC Americas, Inc., 94 S.W.3d at 318 (citing Stubbs,
685 S.W.2d at 644). The beneficiaries contend the deemed admissions are insufficient to
support a summary judgment finding that Raymond died intestate. However, because we
have determined that the beneficiaries cannot satisfy Rule 30's third and fourth
requirements to bring this restricted appeal, we need not determine whether error is on the
face of the record now before us.
III. Conclusion
          The record before us does not support the beneficiaries' position that their interests
were not represented in the proceedings before the trial court. As such, the beneficiaries
are deemed to have participated in the proceedings below under the doctrine of virtual
representation. Additionally, timely filed post-judgment motions preclude the beneficiaries
from bringing this restricted appeal. The beneficiaries, therefore, cannot satisfy Rule 30's
requirements to bring this restricted appeal.
          We dismiss the appeal for want of jurisdiction.
 
 
                                                                           Donald R. Ross
                                                                           Justice
 
 
Date Submitted:      April 27, 2005
Date Decided:         June 10, 2005