**Opinion filed June 27, 2013**



In The

# Eleventh Court of Appeals
_____

## No. 11-11-00178-CV
_____

## IN THE MATTER OF THE ESTATE
## OF JAMES BAILEY WHITTINGTON, DECEASED

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause No. 5241**

## O P I N I O N

The principal issue in this case is whether an independent executor who has been discharged by a court under Section 149E of the Texas Probate Code[1] is the proper party to a will contest filed subsequent to his discharge. The trial court granted the former independent executor's motion to be dismissed as a party because he had been judicially discharged as independent executor and the estate

---

[1]TEX. PROB. CODE ANN. § 149E (West Supp. 2012).

had been closed under Section 149E.[2] We affirm in part and reverse and render in part.

*Background Facts*

James Bailey Whittington executed a will on February 11, 2005, and died on October 3, 2008. The will named Appellee, Lonnie Jones, as independent executor and Nora Ann Carpenter as the sole beneficiary. On November 7, 2008, the probate court entered an order admitting the will to probate; the court also issued letters testamentary to Appellee that day.

Section 149E(a), entitled "Judicial Discharge of Independent Executor," provides that, "[a]fter an estate has been administered and if there is no further need for an independent administration of the estate," the independent executor may file an action for declaratory judgment seeking a discharge. On March 29, 2010, Appellee filed an application for judicial discharge pursuant to Section 149E. As required by Section 149E(b), Appellee gave notice to Carpenter, the sole beneficiary under the will, and she executed a waiver of citation and consent to judicial discharge. On May 10, 2010, the probate court entered its "Order Granting Final Distribution of the Estate and Discharge of Executor" that provided as follows:

> It is THEREFORE, ORDERED, ADJUDGED AND DECREED that the Executor shall deliver all of the property of the Estate remaining on hand to the persons entitled to . . . receive the same and that this Estate shall be closed.

> It is FURTHER ORDERED that Executor has fulfilled all duties required of him under the Texas Probate Code and that the Executor shall be discharged from any liability involving matters relating to past administration of the Estate that have been fully and

---

[2]We note that the Texas Probate Code is repealed and the Estates Code is enacted, effective January 1, 2014, by Acts 2009, 81st Leg., ch. 680; Acts 2011 82nd Leg., ch. 823 (H.B. 2759); and Acts 2011, 82nd Leg., ch. 1338 (S.B. 1198) (repealing Sections 146 to 154A).

fairly disclosed and any further responsibilities to this Court and the beneficiary of the Estate.

On November 8, 2010, Appellant, Paul Whittington, filed an application to contest the will that had been admitted to probate and a motion to transfer the case to the district court. Appellant alleged that he was the son and only child of the decedent; that his mother and the decedent were married in 1955 and divorced in 1983; that the decedent was married one other time, which also ended in divorce; that the decedent lacked testamentary capacity when he executed the probated will; and that Carpenter, as the decedent's caregiver, procured the will through undue influence. Under Section 93 of the Texas Probate Code, the two-year statute of limitations for his will contest would have expired on November 7, 2010. PROB. § 93 (West 2003). Because that day was a Sunday, the limitation period was extended until Monday, November 8. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.072 (West 2008).

After posting a public notice of his will contest, Appellant served a personal citation of the application on Appellee and on Carpenter. The officer's return reflects that the citation was served on Carpenter on November 9, 2010, and on Appellee on November 22, 2010. Carpenter filed her answer to the will contest on December 10, 2010.

Appellant's initial application named Appellee individually; however, in his amended application to set aside the will filed on March 1, 2011, Appellant stated that "Lonnie Jones was the independent executor of the will being contested and is named as a party herein in his capacity as independent executor only." Between the time that Appellant filed his original contest in 2010 and his amended application in 2011, Appellee filed a motion to dismiss on the ground that he was not a proper party because he had been discharged as independent executor by the court under Section 149E. Appellee concurrently filed a motion for sanctions

under Chapters 9 and 10 of the Texas Civil Practice and Remedies Code, claiming that the erroneous naming of him as a party was groundless and frivolous.

Prior to the hearing on Appellee's motions to dismiss and for sanctions, the probate court transferred the case to the district court by agreement of Appellant, Appellee, and Carpenter. On June 9, 2011, the trial court entered an order granting Appellee's motions, dismissing Appellee as a party to the will contest because he had been judicially discharged under Section 149E, and imposing sanctions against Appellant in the amount of $3,000 on the ground that naming the discharged independent executor as a party was not supported by any existing law and was a frivolous argument for the establishment of a new law. Appellant timely filed his notice of appeal on July 6, 2011.

Subsequent to the filing of Appellant's brief in this court, the trial court issued a letter dated September 12, 2011, explaining that it had reconsidered the ruling on sanctions. On September 15, 2011, the trial court entered an order modifying its earlier judgment and denying the sanctions.

## Issues

In his first issue, Appellant argues that Appellee was a proper party to the will contest and that the trial court erred in dismissing Appellant from the case. In his second issue, Appellant contends that the trial court abused its discretion in imposing sanctions because sanctions were not justified in this case. In his third issue, Appellant asserts that the trial court's order should be reversed because Appellee's motion to dismiss was procedurally defective.

## Analysis

Appellant begins with a broad statement that many Texas courts have found that an executor is a proper party to a will contest, citing *In re Estate of Head*, 165 S.W.3d 897, 902 (Tex. App.—Texarkana 2005, no pet.); *Wojcik v. Wesolick*, 97 S.W.3d 335, 340 (Tex. App.—Houston [14th Dist.] 2003, no pet.);

4

*Cheesborough v. Corbett*, 155 S.W.2d 942, 945 (Tex. Civ. App.—Galveston 1941, writ ref'd w.o.m.); *Bevill v. Rosenfield*, 113 S.W.2d 340, 342 (Tex. Civ. App.—Dallas 1938, writ dism'd); and *Kramer v. Sommers*, 93 S.W.2d 460, 465 (Tex. Civ. App.—Fort Worth 1936, writ dism'd), as being in agreement with *Mason v. Mason*, 366 S.W.2d 552 (Tex. 1963).

In *Mason*, the husband's will devised a life estate in a certain tract to his son by a former marriage and devised a life estate in all the remaining property to his current wife. 366 S.W.2d at 553. The will named the current wife independent executrix and trustee with full power to manage and control any and all of the estate during her lifetime. The son challenged the validity of the will on the ground of undue influence. Based on a jury verdict, the trial court rendered judgment setting aside the order admitting the will to probate. The court of appeals reversed and remanded on the ground that minor beneficiaries (the son's children and other grandchildren) had not been made parties. *Id.* The Texas Supreme Court held that, under the doctrine of virtual representation, the wife as acting trustee with the power to manage the estate and to receive all of the net income during her lifetime was empowered to defend the trust and represent the minor beneficiaries. *Id.* at 554. The court pointed out that the minor beneficiaries were proper, but not necessary and indispensable, parties in the will contest because their interests were not in conflict with the wife's. *Id.*

Appellee responds that, in all of the cases cited by Appellant, there was an independent executor who was actively administering the estate and, therefore, serving as a virtual representative of the beneficiaries under the facts of each case. Appellee candidly states that he has found no case law addressing the issue of whether a former independent executor who has been judicially discharged under Section 149E is a proper party to a subsequently filed will contest. This court likewise has failed to find a case addressing the issue.

Appellant argues that Appellee should have filed a motion for summary judgment, not a motion to dismiss Appellee as a party to Appellant's will contest. We disagree. Appellee's motion to dismiss raised the procedural issue of whether Appellee or the beneficiary was the proper party to the will contest; the trial court properly did not dismiss Appellant's will contest. Appellee's motion did not have any bearing on the merits of Appellant's contest of the probated will; the cause of action was not dismissed. The decision to dismiss a cause of action against a party is a matter ordinarily within the sound discretion of the trial court. *Trevino v. Houston Orthopedic Ctr.*, 831 S.W.2d 341, 343 (Tex. App.—Houston [14th Dist.] 1992, writ denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or, in other words, acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). Here, the guiding rule is Section 149E, and the question is whether the trial court properly construed that statute to mean that the independent administration is closed when the executor receives a judicial discharge. We find that the trial court acted properly with reference to Section 149E.

Statutory construction is a legal question we review de novo. When construing a statute, the court's objective is to ascertain and give effect to the legislature's intent as expressed by the language of the statute. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We use definitions prescribed by the legislature and any technical or particular meaning the words have acquired. TEX. GOV'T CODE ANN. § 311.011(b) (West 2013). Otherwise, we construe the statute's words according to their plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *City of Rockwall*, 246 S.W.3d at 625–26. If the language of a statute is

6

unambiguous, its plain meaning will prevail. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). A statute should not be judicially amended by adding words. *Id.* at 207.

Appellant argues that Section 149E only absolves the executor of liability to the beneficiaries named in the challenged will. We disagree with that narrow interpretation. Under a "fair reading" interpretive approach—determining the application of a governing text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued—we find that the purpose of Section 149E is to allow an independent executor to obtain a judicial discharge from fiduciary service and to obtain a shield from any liability involving matters relating to the past administration of the estate that have been fully and fairly disclosed.[3]

Section 149E, entitled "Judicial Discharge of Independent Executor," provides as follows:

> (a) After an estate has been administered and if there is no further need for an independent administration of the estate, the independent executor of the estate may file an action for declaratory judgment under Chapter 37, Civil Practice and Remedies Code, seeking to discharge the independent executor from any liability involving matters relating to the past administration of the estate that have been fully and fairly disclosed.
>
> (b) On the filing of an action under this section, each beneficiary of the estate shall be personally served with citation, except for a beneficiary who has waived the issuance and service of citation.
>
> (c) In a proceeding under this section, the court may require the independent executor to file a final account that includes any information the court considers necessary to adjudicate the

---

[3]For a discussion of the "fair reading" approach, see Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (Thompson/West 2012).

7

independent executor's request for a discharge of liability. The court may audit, settle, or approve a final account filed under this subsection.

Appellant's interpretation would lead to an absurd result, especially in this case. Appellee has distributed the estate to the beneficiary, Carpenter, yet he would be forced as a fiduciary to defend the will and to pay an attorney from his own pocket. As noted in the bill analysis, Sections 149D–G were designed to provide a procedure for independent executors to distribute the estate assets to beneficiaries and not have to "defend any subsequent lawsuits with executor's own money."[4] The analysis noted that, if the beneficiaries had spent all of the estate's funds, the executor would have no remedy.

The word "discharge" can be a verb or a noun. Various dictionaries define the verb "discharge": to relieve from a charge, load, or burden; to release from an obligation; to dismiss from employment; or to release from service or duty and the noun "discharge": the state of being discharged or relieved or dismissed, especially from an office or employment, or the dismissal of a case.[5] The ordinary definitions of "discharge," especially when used in the term "judicial discharge," support a reading of the text of Section 149E as having two purposes: to provide a method for an independent executor to be discharged from further service and to provide a method for an independent executor to be discharged (relieved) from future liability for matters disclosed concerning the executor's administration of the estate.[6]

---

[4]House Comm. on Judicial Affairs, Bill Analysis, Tex. H.B. 1852, 76th Leg., R.S. (May 5, 1999).

[5]MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 356 (11th ed. 2004); Bryan A. Garner, *A Dictionary of Modern Legal Usage* 280 (2d ed. 1995); Roget's II, *The New Thesaurus* 267 (1980); BLACK'S LAW DICTIONARY 530 (9th ed. 2009).

[6]*See also* the legislature's use of "discharge" in Sections 221 and 265 of the Probate Code. PROB. §§ 221, 265 (West 2003).

Section 149E does not limit the discharge of an independent executor to protection from claims of a beneficiary; the word "beneficiary" is not present in Section 149E(a) and is found only in Section 149E(b) that provides for notice to beneficiaries. Section 149E(a) provides that a judicial discharge relieves an independent executor from "any liability involving matters relating to the past administration of the estate that have been fully and fairly disclosed." Consistent with the cases cited by Appellant, "past administration" would include the independent executor's defense of a will contest in his or her fiduciary capacity during his administration of the estate.

A fair reading of Section 149E demonstrates that it is unambiguous in providing an independent executor a method to be discharged from further service and duty as a fiduciary.

In the Texas Practice Series, Woodward, Smith, and Beyer discuss the addition of Sections 149D, 149E, 149F, and 149G to the Probate Code and point out that Section 149E(a) terminates the administration:

> **(2) Conclude Administration—** The independent executor may not request a judicial discharge until the estate has been administered and there is no further need for an independent administration of the estate. A mid-administration discharge is not allowed.

17 M. K. Woodward et al., *Texas Practice Series: Probate & Decedents'* Estates § 535 (footnote omitted).

When Appellant filed his will contest, there was no acting executor to be served as a virtual representative. When there is no duly appointed executor, the proper parties are the heirs or beneficiaries of the estate. *Rooke v. Jenson*, 838 S.W.2d 229, 230 (Tex. 1992); *Allen v. Albin*, 97 S.W.3d 655, 658 (Tex. App.—Waco 2002, no pet.).

The context for the legislature's adoption of Sections 149D–G was the failure of Section 151 of the Probate Code (an alternative method for closing an independent administration) to provide an independent executor a means to be shielded from suits by beneficiaries after the executor had distributed all the assets of the estate to them. PROB. § 151. Section 151(c)(2) states that the filing of a closing report or notice of closing estate with the court to close the estate terminates the power and authority of the independent executor. And Section 151(c)(3) provides that, once a closing report or notice of closing estate has been filed, any person with a claim against the estate shall deal directly with the distributees of the estate. It is logical to conclude that the same is true where, instead of a closing report or notice of closing estate under Section 151, the court closes the estate pursuant to Section 149E.

When the legislature drafted the additions to Section 149, it would have been helpful if the legislature had been as detailed concerning the closing of an estate as it was in Section 151. But the legislature clearly provided that, on or before filing a declaratory judgment action under Section 149E, the independent executor is required to distribute the remaining assets of the estate except for a reasonable reserve of assets "that the independent executor may retain in a fiduciary capacity pending court approval of the *final account*." PROB. § 149D(a) (emphasis added). Section 149E(c) also refers to "a final account" that the court may audit, settle, or approve.

To obtain his judicial discharge, Appellee filed his application pursuant to Section 149E on March 29, 2010. Carpenter waived citation. The probate court entered its "Order Granting Final Distribution of the Estate and Discharge of Executor" on May 10, 2010. In its order, the court found that the estate had been fully administered and that the executor had fulfilled all duties required of him under the Texas Probate Code. The court concluded with the following order:

10

It is THEREFORE, ORDERED, ADJUDGED AND DECREED that the Executor shall deliver all of the property of the Estate remaining on hand to the persons entitled to . . . receive the same and that this Estate shall be closed.

It is FURTHER ORDERED that Executor has fulfilled all duties required of him under the Texas Probate Code and that the Executor shall be discharged from any liability involving matters relating to past administration of the Estate that have been fully and fairly disclosed and any further responsibilities to this Court and the beneficiary of the Estate.

Under the unambiguous text of Section 149E and the probate court's order, the independent administration of Appellee was closed. Carpenter consented "to the discharge of Lonnie Jones as Independent Executor of the Estate of James Bailey Whittington."

The probate court's discharge of Appellee and closing of the estate was a declaratory judgment under the Uniform Declaratory Judgments Act in Chapter 37 of the Texas Civil Practice and Remedies Code. PROB. § 149E(a). It was a final order appealable to the court of appeals. PROB. § 4A (West Supp. 2012); *see Crowson v. Wakeham*, 897 S.W.2d 779, 781, 783 (Tex. 1995). There was no direct appeal from that judgment, and it became final thirty days after May 10, 2010. TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000).

Appellant argues that his will contest was, in effect, a direct attack on the probate court's order by statutory bill of review. Section 31 of the Probate Code does provide for a statutory bill of review, which must be filed within two years from the date of the court's decision. PROB. § 31 (West 2003). Even if we view Appellant's will contest as including a statutory bill of review, Appellant provided no allegations or proof that the probate court substantially erred in discharging Appellee from further service as independent executor of the estate.

Section 149E(a) provides that the declaratory judgment action can only be filed after an estate has been administered and there is no further need for an independent administration. The probate court's declaratory judgment closed the administration. The proper party was the beneficiary, not the former independent executor. We note that appellant served a personal citation on the beneficiary. The judicial discharge acknowledged that the executor no longer possessed assets of the estate and had no further responsibilities.[7] Appellant's first and third issues are overruled.

There was no motion for new trial or motion to modify filed within thirty days after the order dismissing Appellee as a party to the will contest and imposing sanctions was signed on June 9, 2011. *See* TEX. R. CIV. P. 329b. The order severed the June 9, 2011 order from the will contest. On September 15, 2011, the trial court modified its order to deny the sanctions. The trial court had lost plenary power over this matter. TEX. R. CIV. P. 329b(f).

Appellee sought the sanctions under Chapters 9 and 10 of the Texas Civil Practice and Remedies Code. Under Chapter 10, the trial court may award sanctions against a person other than a represented party if the person signs a pleading that is unsupported by existing law and is a frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001, 10.002, 10.004(d) (West 2002). This was a matter of first impression. No cases were found by the parties or this court addressing the issue of whether a former independent executor who has been judicially discharged under Section 149E is a proper party to a subsequently filed will contest. We hold that sanctions were not appropriate in this case, and we sustain Appellant's second issue.

---

[7]For a discussion of this entire area, see Joyce W. Moore and Gina D. Patterson, *Releases and Receipts and Judicial Accounting*, State Bar of Tex. Prof. Dev. Program, Advanced Estate Planning and Probate Course ch. 37 (2008).

*This Court's Ruling*

We reverse the trial court's June 9, 2011 order insofar as it imposed sanctions against Appellant, and we render judgment that Appellee take nothing on his claim for sanctions. We affirm the order of the trial court in all other repsects.


TERRY McCALL

JUSTICE


June 27, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.