**WAURIKA OIL ASS'N et al. v. ELLIS.**
(No. 1772.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1923.)

**1. Appeal and error ⚖═1185—Right to relief by persons named as principals and appellants in supersedeas bond by mistake held waived.**

Delay of more than two years after rendition of judgment on supersedeas bond under Vernon's Ann. Civ. St. Supp. 1922, art. 1627, and more than three years after execution of bond, in moving for correction and vacation of judgment on ground that names of movants were, by mistake, signed to the bond as principals and appellants by appellants' attorney, and failure to call court's attention thereto in motion for rehearing, *held* a waiver of the right to relief.

**2. Appeal and error ⚖═1236—Mistake in supersedeas bond did not affect jurisdiction of Court of Civil Appeals.**

That appellants' attorney through mistake signed the names of certain persons to supersedeas bond as appellants and principals did not affect the jurisdiction of the Court of Civil

Appeals; the bond being originally a part of the record of the trial court, under Vernon's Ann. Civ. St. Supp. 1922, art. 1627.

**3. Appeal and error ⚖═1236—Court required to summarily enter judgment against obligors on supersedeas bond on affirming judgment of lower court.**

Upon affirming the judgment of the lower court, it is the duty of the Court of Civil Appeals to summarily enter judgment against the obligors on supersedeas bond.

**4. Appeal and error ⚖═322—Trustees of joint-stock association could join with association in appeal from judgment against it.**

Trustees of joint-stock association organized under a declaration of trust could join with the association in an appeal from a judgment against the association, though not made parties defendant, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 6149, 6151.

**5. Appeal and error ⚖═150(1)—Trustees, beneficiaries, and privies may join in appeal where their interest is apparent from face of record.**

Generally trustees, beneficiaries, and privies in interest who may be aggrieved by the judgment have such an interest in the subject-matter of the suit that they may appeal, though not formal parties, where their interest is apparent from the face of the record.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

On motion to correct and vacate judgment. Motion overruled.

For former opinion, see 232 S. W. 364.

Alexander & Baldwin, of Fort Worth, for appellants.

Bonner, Bonner & Sanford, of Wichita Falls, for appellee.

HALL, C. J. The appellant brought this case from the district court of Wichita county, by filing the record in this court in August, 1920. The judgment below was against the association, and appellee was denied a judgment against W. R. Shankle, one of the trustees. In his original petition he alleges that the Waurika Oil Association is a joint-stock association, with W. R. Shankle, Y. E. Hildreth, and T. A. Edmonds as trustees, organized under a declaration of trust, vesting full control and management of its affairs in such trustees. From the judgment against the association, the association alone filed a motion for new trial and gave notice of appeal, filing a supersedeas bond with the district clerk on June 28, 1920. The bond recites that the association, Hildreth, and Edmonds gave notice of appeal, and further recites:

"Now, therefore, we, the Waurika Oil Association No. 1, and Y. E. Hildreth and T. A. Ed-

monds, as principal, and the other subscribers hereto, as sureties, do acknowledge," etc.

The bond is signed as follows:

"Waurika Oil Association No. 1, W. R. Shankle, Trustee, J. Harrison White, Trustee, Trustees. Y. E. Hildreth, by W. F. Weeks, Attorney of Record, T. A. Edmonds, by W. F. Weeks, Attorney of Record, Principals. J. L. Wilkins, R. H. Wilkins, Sureties."

The appeal was heard in this court, and an opinion rendered June 1, 1921, affirming the judgment of the trial court. The motion for rehearing was submitted June 14, 1921, and overruled on June 22d. Mandate was issued April 1, 1922, and on June 29, 1923, more than two years after the judgment was rendered affirming the judgment below, Y. E. Hildreth and T. A. Edmonds filed this motion to vacate the judgment of this court as to them.

[1] If it be admitted that the relief prayed for in the motion could be granted we think the movants have waived their right to such relief by the delay of more than two years after the judgment was rendered and more than three years after the execution of the bond, and by failing to call the matter complained of to the attention of this court in the motion for rehearing. First State Bank & Trust Co. v. O. D. Mann & Co. (Tex. Civ. App.) 209 S. W. 683; Ferguson v. Beaumont L. & B. Co. (Tex. Civ. App.) 154 S. W. 303; Clark v. Briley (Tex. Civ. App.) 193 S. W. 419; Murphy v. Williams, 103 Tex. 155, 124 S. W. 900; Engle v. Rowan (Tex. Civ. App.) 48 S. W. 757; Woodhouse v. Cocke (Tex. Civ. App.) 39 S. W. 948; Howth v. Shumard (Tex. Civ. App.) 40 S. W. 1079; Zapp v. Michaelis, 56 Tex. 395; Milam County v. Robertson, 47 Tex. 222; Smith v. Alston, 40 Tex. 139.

[2] It is not the purpose of this proceeding to have a judgment of the trial court corrected, amended or set aside. The matter complained of relates to the judgment of this court, which was properly entered upon the supersedeas bond, brought up in the record in compliance with V. C. S. 1922, art. 1627. The motion under consideration is not verified, and, as a ground for the relief prayed for, charges that W. F. Weeks, appellant's attorney, through mistake, signed the names of Hildreth and Edmonds to the bond as principals and appellants. If the statement be accepted as true it raises no question affecting the jurisdiction of this court over the appeal. It simply raises an issue of fact, which, if not waived, must be settled in the trial court. The supersedeas bond was originally a part of the record of the trial court. Hamilton v. Eiland (Tex. Civ. App.) 181 S. W. 260; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 947.

[3] Upon affirming the judgment of the court below, it becomes the duty of this court to summarily enter judgment here against the obligors in the supersedeas bond. Burck v. Burroughs, 64 Tex. 445; Blair v. Sanborn, 82 Tex. 686, 18 S. W. 159; V. S. C. S. art. 1627.

[4] Aside from the question of waiver, we think, upon the merits, the motion should be overruled. It appears from the record that the Waurika Oil Association is an unincorporated association with the above named parties as trustees. It is held in Nini v. Cravens & Cage Co. (Tex. Civ. App.) 253 S. W. 582, and the authorities cited, that such an organization, operating under a trust agreement, is in legal effect a partnership. V. S. C. S. art. 6149, provides that any unincorporated joint-stock company or association may sue or be sued in any court of this state having jurisdiction of the subject-matter in its company or distinguishing name and that it shall not be necessary to make the individual stockholders or members thereof parties to the suit. In the absence of this provision of the statute this action could not have been maintained without making the trustees and members of the association parties defendant. Standard Light & Power Co. v. Muncey, 33 Tex. Civ. App. 416, 76 S. W. 931; Slaughter v. American Baptist Publication Society (Tex. Civ. App.) 150 S. W. 224; Leyhe v. Leyhe (Tex. Civ. App.) 220 S. W. 377. V. S. C. S. art. 6151, provides that—

"In suits by or against such unincorporated companies, whatever judgment shall be rendered shall be as conclusive on the individual stockholders and members thereof as if they were individually parties to such suits."

[5] Although the record discloses that neither Hildreth nor Edmonds were made parties defendant, nevertheless we think they had the right to appeal from the judgment, and at any rate to join with the association in the appeal. They executed the bond as principals with the association and are both interested as partners in its assets and according to the face of the bond they are appealing in the name of the association, making themselves joint appellants. It is the general rule that trustees, beneficiaries, and privies in interest who may be aggrieved by the judgment have such an interest in the subject-matter of the suit that they may appeal, even when they have not been made formal parties, provided their interest is apparent from the face of the record. Texas L. & Investment Co. v. Kennedy (Tex. Civ. App.) 123 S. W. 150; Security Trust Co. of Houston v. Roberts (Tex. Com. App.) 208 S. W. 892; Stephenson v. T. & P. Ry. Co., 42 Tex. 166, 168; 3 C. J. 623, 656. We are not called upon to decide whether the movants might have appealed without the association itself also appealing. The record presents a condition similar to that discussed by the Supreme Court in the cases of Streeper v. Ferris, 64 Tex. 12, and Ferris v. Streeper, 59 Tex. 312. In the last-named case the Su-

preme Court recognized the right of Ferris, who was not made a formal party to the action, to file a motion for a new trial in the court below and appeal from the court's order overruling it. In the instant case, under article 6151, supra, the judgment herein is conclusive as to the movants, unless appealed from. Their interests in the corpus of the property is subject to sale under the judgment, and they are therefore aggrieved, and we think their right to join in the appeal is necessarily implied since the association is only the nominal party in interest. We may reasonably assume that the sureties upon the bond were induced to sign it by reason of the fact that the movants had, by executing it, made themselves primarily liable thereon. Ordinarily the principals upon appeal and supersedeas bonds are only such parties as are cast in the suit, but we know of no statute or rule of law prohibiting third parties from making themselves liable as principals instead of as sureties.

For the reasons stated the motion is overruled.