**In the ESTATE OF Raymond Harold HEAD, Deceased.**

No. 06–04–00051–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 27, 2005.

Decided June 10, 2005.

Lisa B. Shoalmire, Norton & Wood, LLP, Texarkana, for appellant.

John R. Mercy, Mercy, Carter, Tidwell, LLP, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

This appeal concerns whether the trial court erred by granting (1) the request of a will opponent for deemed admissions and (2) summary judgment in the opponent's favor based on those deemed admissions. For the reasons set forth below, we conclude this Court lacks jurisdiction and, therefore, dismiss the appeal.

### I. Factual and Procedural Background

During his life, Raymond Harold Head was married first to Joy Works from 1964 until her death in 1979. Raymond[1] had two daughters from that marriage: Marla (now Hohner) and Lori Anne (now Tally). On November 2, 1996, Raymond married Delores Alford.[2] Raymond and Delores were married for more than six years when he died February 13, 2003, from an acute myocardial infarction; he was seventy-two. The record before us does not indicate that Raymond and Delores had any children together.

---

1. Because many of the parties share the same surnames, we refer to each by his or her first name to avoid confusion.

2. The parties to this case previously appeared before this Court pursuant to a petition for writ of mandamus. *See In re Works*, 118 S.W.3d 906 (Tex.App.-Texarkana 2003, orig. proceeding). Because the record from that case is relevant to the issues now on appeal, we take judicial notice of that record. *See* Tex.R. Evid. 201 (judicial notice may be taken at any stage of proceeding where fact or facts to be noticed is capable of accurate determination by resort to sources whose accuracy cannot be questioned); *see also Raines v. Gomez*, 143 S.W.3d 867, 868 n. 1 (Tex.App.-Texarkana 2004, no pet.).

Eight days after Raymond's death, Dale Works[3] filed an application to probate a copy of a will Raymond purportedly executed January 31, 1996. This 1996 testament appointed Dale as independent executor and gave half of Raymond's estate to Marla, one fourth to Lori, and one fourth to Clayton Tally (Raymond's grandson by way of Lori). The 1996 will left nothing to Delores.

Delores subsequently protested admission of the 1996 will to probate, and on August 6, 2003, she served Dale with requests for admissions. In relevant part, the requests asked Dale to admit or deny the following:

1. Dale Works does not have custody of any original Will of Raymond Head, deceased.

2. Dale Works does not have custody of any original Prenuptial Agreement signed by Delores Head.

3. Dale Works does not know the present location of the original Will of Raymond Head.

  . . . .

6. Marla Hohner does not have custody of any original Will of Raymond Head, deceased.

7. Marla Hohner does not have custody of any original Prenuptial Agreement signed by Delores Head.

  . . . .

11. Lori Anne Talley [sic] does not have custody of any original Will of Raymond Head, deceased.

12. Lori Anne Talley [sic] does not have custody of any original Prenuptial Agreement signed by Delores Head.

  . . . .

22. Raymond Head removed his will from his safety deposit box prior to his death.

23. Raymond Head revoked his will prior to his death.

24. Raymond Head died intestate.

When Dale did not answer the requests by September 4 (thirty days from the date of service), *see* Tex.R. Civ. P. 198.2(a), Delores filed a motion for summary judgment September 11, 2003, claiming (1) that she was entitled to have the requests for admissions be deemed admitted and (2) that, based on those deemed admissions, she was entitled to a summary judgment stating Raymond died intestate. *See* Tex.R. Civ. P. 198.2(c) (effect of failure to respond timely to requests for admissions); Tex.R. Civ. P. 198.3 (matter admitted under rule for deemed admissions conclusively established as to party making admission unless court permits party to withdraw or amend admission).

Dale filed a response to the motion for summary judgment October 10, 2003. Dale's response included an attachment with his answers to the earlier requests for admissions. These responses were signed and dated October 10, 2003. In the responses relevant to the above-specified requests, Dale admitted numbers 1, 2, 6, 7, 11, and 12 were true; he denied 3, 23, and 24 were true; and he wrote he was "unable to admit or deny" whether number 22 was true.

The trial court held a hearing on Delores' motion for summary judgment October 20, 2003. At that hearing, the court granted Delores' request that the admissions served on Works be deemed admitted; the court then granted Delores' motion for summary judgment.[4] The written

---

3. Dale is the brother of Raymond's first wife, Joy.

4. The record shows that, on October 10, 2003, neither Works nor his attorney appeared in court when the trial court held a hearing on Delores' motion for summary judgment. Works' attorney subsequently appeared before the trial court and was allowed to make a

judgment, dated October 24, 2003, declares that Raymond died intestate. On November 24, 2003, Works filed a "Motion To Reconsider" in which he asked the trial court to withdraw its grant of summary judgment in favor of Delores. That motion did not specifically ask the trial court to allow Dale to withdraw the deemed admissions.

On January 5, 2004, Marla filed a motion for substitution of counsel. That same day, Works filed an amended motion for new trial, which asked in an alternative pleading that Dale be allowed to withdraw his deemed admissions.[5] Both Marla's motion and Works' motion were filed by the same attorney. The amended motion for new trial appears to have been overruled by operation of law. *See* Tex.R. Civ. P. 329b(c) (motion for new trial not ruled on within seventy-five days of judgment considered overruled; seventy-fifth day was Wednesday, January 7, 2004). Marla, Lori, and Clayton (collectively "the beneficiaries"), as the beneficiaries under the will, filed this restricted appeal March 19, 2004.[6] *See* Tex.R.App. P. 30. Delores contends we are without jurisdiction to consider their appeal because the beneficiaries filed post-trial motions, participated in the proceedings, and were parties under the doctrine of virtual representation.

## II. Does This Court Have Jurisdiction To Consider the Beneficiaries' Restricted Appeal?

"A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment." *TAC Americas, Inc. v. Boothe,* 94 S.W.3d 315, 318 (Tex.App.-Austin 2002, no pet.) (citing *In re E.K.N.,* 24 S.W.3d 586, 590 (Tex.App.-Fort Worth 2000, no pet.)).

> For a restricted appeal to be successful: (1) a notice of restricted appeal must be filed within six months after judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not file a timely post-judgment motion or request for findings of fact and conclusions of law; and (5) error must be apparent on the face of the record.

*Id.* (citing Tex.R.App. P. 30; *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985)); *see also* Tex.R.App. P. 26.1(c) (time to file restricted appeal is within six months after appealable judgment or order is signed). Delores contends the beneficiaries cannot satisfy the Rule 30 requirements to bring this restricted appeal.

### A. Was the Notice of Restricted Appeal Filed Within Six Months?

The first requirement to bring a restricted appeal is that the notice of re-

---

record explaining her nonappearance, but a transcript of that hearing is not a part of the record before this Court. Neither does that record reflect whether Works asked to withdraw the deemed admissions at that appearance.

5. The amended motion for new trial is signed by the same attorney who filed Marla's motion to substitute counsel and is the attorney who represents all the appellants on appeal. The record before the Court does not contain an "original" motion for new trial.

6. To have filed a regular appeal, the beneficiaries were required to file their notice of appeal within ninety days of the date of the trial court's judgment. *See* Tex.R.App. P. 26.1(a)(1). The filing deadline for a regular appeal (given the facts of this case) would have been Thursday, January 22, 2004. The beneficiaries' March 19 notice of appeal was therefore untimely to invoke this Court's jurisdiction for a traditional appeal.

stricted appeal be filed within six months of the date of the trial court's judgment. Tex.R.App. P. 26.1(c), 30. In this case, the trial court signed the summary judgment October 24, 2003. The notice of restricted appeal was filed March 19, 2004. The notice was, therefore, filed within the applicable time period. The beneficiaries meet the first Rule 30 requirement.

**B. Were the Beneficiaries Parties to the Will Contest?**

The second requirement to bring a restricted appeal is that the aggrieved party be a party to the underlying suit. Tex.R.App. P. 30. A major beneficiary under a will is considered a party to a will contest, even though not personally named as a party. *Specia v. Specia,* 292 S.W.2d 818, 819 (Tex.Civ.App.-San Antonio 1956, writ ref'd n.r.e.) (citing *Waurika Oil Ass'n v. Ellis,* 254 S.W. 1032 (Tex.Civ.App.-Amarillo 1923, no writ)). Marla, Lori, and Clayton are named beneficiaries under the will, each receiving a sizeable portion of Raymond's estate. The beneficiaries, therefore, satisfy Rule 30's second requirement.

**C. Did The Beneficiaries Participate in the Proceedings Below?**

The third requirement to bring a restricted appeal is that the appealing party did not participate—"either in person or through counsel"—in the proceedings below. Tex.R.App. P. 30. The heart of the parties' disagreement on appeal is whether the beneficiaries participated in the proceedings below. If the beneficiaries did participate, then that participation precludes their ability to bring this restricted appeal. *See id.* Delores contends all the beneficiaries should be considered to have participated in the proceedings below under the doctrine of "virtual representation." We agree.

"Under Texas jurisprudence, an appeal can generally only be brought by a named party to the suit." *City of San Benito v. Rio Grande Valley Gas Co.,* 109 S.W.3d 750, 754 (Tex.2003). "[T]he doctrine of virtual representation is an exception to the general rule." *Id.* at 754–55. "An appellant is a deemed party under virtual representation when: (1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment." *Id.* at 755. The most important consideration is whether the appellant will be bound by the judgment. *Id.* (referencing *Devlin v. Scardelletti,* 536 U.S. 1, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002)); *see also Mason v. Mason,* 366 S.W.2d 552, 554 (Tex.1963) (applying doctrine of virtual representation to case involving challenge to trust created by will).

In *Mason,* 366 S.W.2d at 552–53, the question arose "whether certain named beneficiaries were necessary and indispensable parties defendant to this action brought to contest the validity of a will after it had been admitted to probate." The Texas Supreme Court answered that question negatively. *Id.* at 553. The *Mason* court first set forth the general rule regarding the doctrine of virtual representation as it applies in probate matters: "Where a suit is brought to cancel a trust instrument the beneficiaries are considered to be adequately represented by the trustee if their interest be not in conflict." *Id.* at 554. The *Mason* court then noted that the evidence in *Mason* suggests not even "the slightest hint of any collusion or fraud. To the contrary the interests of the trustee and these beneficiaries were identical." *Id.* The *Mason* court further acknowledged that the trustee (which in *Mason* was the wife and executor) had "full power to manage, control, mortgage or sell any and all of the estate with the right to enjoy and receive all of the net income therefrom during her lifetime [and] was

empowered to defend this trust and to represent all interested parties." *Id.*

In the instant case, there is no evidence the interests of the beneficiaries are adverse to the interests of Dale, the person named as executor in the will. Further, as the named executor, Dale had statutory and fiduciary duties to protect the interests of the devisees. *See, e.g.,* TEX. PROB. CODE ANN. § 230 (Vernon 2003) (statutory duty to protect estate property); *Punts v. Wilson,* 137 S.W.3d 889, 891 (Tex.App.-Texarkana 2004, no pet.) (relationship between executor and beneficiaries gives rise to fiduciary duty) (citing *Huie v. DeShazo,* 922 S.W.2d 920, 923 (Tex.1996)); *Byrd v. Woodruff,* 891 S.W.2d 689, 706 (Tex.App.-Dallas 1994, writ dism'd by agr.). The very purpose of Dale's involvement in the trial court proceedings was to protect the beneficiaries' general legacy. And we cannot discern any disharmony between the purpose of Dale's involvement and the beneficiaries' interests in having the 1996 testament admitted to probate. We conclude that, under the doctrine of virtual representation, all the beneficiaries are deemed to have participated in the proceedings below. They, therefore, cannot meet Rule 30's third requirement to bring a restricted appeal.

**D. Did the Beneficiaries File Timely Post–Judgment Motions That Bar Their Appeal?**

■ The fourth requirement to bring a restricted appeal is that the aggrieved party could not have timely filed a post-judgment motion, a post-judgment request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1 of the Rules of Appellate Procedure. TEX.R.APP. P. 30. Delores contends the beneficiaries timely filed post-judgment motions, precluding their restricted appeal, and cites *Rios v. Willingham,* No. 05–01–01284–CV, 2003 WL 253577, at *1, 1–2, 2003 Tex.App. LEXIS 1276, at *3, 5–6 (Tex.App.-Dallas Feb. 6, 2003, no pet.) (not designated for publication).

In *Rios,* the party attempting to bring a restricted appeal filed a motion for new trial within thirty days of the date of the trial court's judgment. *Id.,* 2003 WL 253577, at *2, 2003 Tex.App. LEXIS 1276, at *6. The court of appeals concluded that, because Rios had "timely filed a motion for new trial, he may not pursue a restricted appeal under TEX.R.APP. P. 30." *Id.* The court of appeals then dismissed the appeal for want of jurisdiction.

In this case, the trial court signed its summary judgment October 24, 2003. Our Rules of Civil Procedure require a motion for new trial to be filed within thirty days after the judgment. TEX.R. CIV. P. 329b. Dale filed a "Motion To Reconsider" on Monday, November 24, 2003. The motion asks the trial court to reconsider its award of summary judgment and gave reasons that might justify a decision by the trial court to set aside its earlier judgment. As we are to construe a party's pleadings liberally rather than limit the function of those pleadings according to the mere titles they are given, we believe Dale's "Motion To Reconsider" served the same function as a motion for new trial, despite not being titled as such. *Accord Rabe v. Guar. Nat'l Ins. Co.,* 787 S.W.2d 575, 579 n. 1 (Tex.App.-Houston [1st Dist.] 1990, writ denied) (motion to rehear summary judgment is equivalent of motion for new trial). Dale's motion to reconsider was also filed within thirty days of the trial court's judgment because the thirtieth day following October 24 was Sunday, November 23, 2003, and Dale's "Motion To Reconsider" was filed the following Monday. *See* TEX.R. CIV. P. 4. The record, and specifically the trial court's docket sheet, does not show the trial court ever specifically ruled on Dale's motion to reconsider,

which leads us to conclude it was overruled by operation of law January 7, 2004, the seventy-fifth day after the trial court signed its judgment. *See* TEX.R. CIV. P. 329b(c). The motion to reconsider was a timely filed post-judgment motion.

On January 5, 2004, Dale filed a "First Amended Motion for New Trial." That filing occurred more than thirty days after the trial court rendered its written judgment. "One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed." TEX.R. CIV. P. 329b(b). The Texas Supreme Court has interpreted Rule 329b(b) to mean that, for a party to properly amend a motion for new trial, the amended motion for new trial must *also* be filed within thirty days of the date of the trial court's judgment; the filing of a prior motion for new trial does not thereafter enable a movant to amend that motion outside the initial thirty-day time period. *Moritz v. Preiss,* 121 S.W.3d 715, 719–20 (Tex.2003). Accordingly, the "First Amended Motion for New Trial" was untimely under both our Rules of Civil Procedure and the caselaw interpreting those rules. Dale's first amended motion, therefore, does not, by itself, disqualify the beneficiaries from bringing this restricted appeal under Rule 30's fourth requirement.

Nevertheless, because we have determined the parties were represented at the proceedings below under the doctrine of virtual representation, Dale's timely filing of a "Motion To Reconsider" may similarly be imputed to all the beneficiaries as post-judgment conduct that acts to preclude this restricted appeal under Rule 30's fourth requirement.

Moreover, the beneficiaries filed a motion January 5, 2004, to substitute counsel; that motion named a different attorney, who is the same attorney who filed Dale's first amended motion for new trial, as the new attorney of record in the case. While a motion to substitute counsel is more aptly characterized as a procedural motion rather than a substantive motion (such as a motion for new trial), the motion to substitute counsel was nevertheless a motion (a) filed by the beneficiaries, (b) following the trial court's judgment, and (c) within the seventy-five-day period during which the trial court still had plenary authority to act in the case. *See* TEX.R. CIV. P. 329b(c). Thus, the beneficiaries' motion to substitute counsel could arguably defeat their ability to bring a restricted appeal under Rule 30's fourth requirement.

**E.  Is There Error on the Face of the Record?**

Rule 30's fifth prerequisite for bringing a restricted appeal is that error must appear on the face of the appellate record. *TAC Americas, Inc.,* 94 S.W.3d at 318 (citing *Stubbs,* 685 S.W.2d at 644). The beneficiaries contend the deemed admissions are insufficient to support a summary judgment finding that Raymond died intestate. However, because we have determined that the beneficiaries cannot satisfy Rule 30's third and fourth requirements to bring this restricted appeal, we need not determine whether error is on the face of the record now before us.

**III.  Conclusion**

The record before us does not support the beneficiaries' position that their interests were not represented in the proceedings before the trial court. As such, the beneficiaries are deemed to have participated in the proceedings below under the doctrine of virtual representation. Additionally, timely filed post-judgment motions preclude the beneficiaries from bringing this restricted appeal. The beneficiaries, therefore, cannot satisfy Rule 30's

requirements to bring this restricted appeal.

We dismiss the appeal for want of jurisdiction.