COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| ALFRED NAIFEH, | | No. 08-07-00252-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 65th District Court |
| | § | |
| CARMEN REYES-NAIFEH, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2003CM4184) |
| | § | |

**MEMORANDUM OPINION**

Pending before the Court is Appellee's motion to dismiss this restricted appeal. We grant the motion and dismiss the appeal.

On March 2, 2007, the trial court entered a default decree of divorce. Appellant filed a motion for new trial which included a request for relief pursuant to TEX.R.CIV.P. 306a(4) alleging that he did not receive notice of the default judgment until May 6, 2007. The trial court granted the motion which effectively re-set the appellate timetable. The trial court also granted the motion for new trial and set aside the default decree of divorce. Nevertheless, Appellant filed a notice of restricted appeal.

A restricted appeal is a direct attack on a judgment. *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp* ., 62 S.W.3d 308, 309 (Tex.App.--Houston [1st Dist.] 2001, pet. denied). Rule 30 of the Texas Rules of Appellate Procedure provides:

> A party who did not participate--either in person or through counsel--in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX.R.APP.P. 30. Five elements are necessary to directly attack a judgment by restricted appeal: (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a postjudgment motion or request for findings of fact and conclusions of law or a notice of appeal; and (5) the error complained of that shows the invalidity of the judgment must be apparent on the face of the record. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.013 (Vernon 1997); TEX.R.APP.P. 30; *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). If a party timely files a post-judgment motion, a restricted appeal is not available. *See In the Estate of Head*, 165 S.W.3d 897, 902-03 (Tex.App.--Texarkana 2005, no pet.)(motion to reconsider summary judgment); *S.P. Dorman Exploration Co., L.P. v. Mitchell Energy Company, L.P.*, 71 S.W.3d 469, 470 (Tex.App.--Waco 2002, no pet.)(motion for new trial).

Because the trial court granted Appellant's Rule 306a(4) motion, Appellant's motion for new trial was timely filed. Consequently, a restricted appeal is not available to Appellant. Furthermore, the trial court *granted* Appellant's motion for new trial and set aside the default judgment. Consequently, there is no final judgment from which to appeal. We therefore grant Appellee's motion and dismiss this appeal for want of jurisdiction. Appellant's emergency motion for temporary restraining order and permanent injunction is denied as moot. Appellant's motion for an

extension of time to file brief is denied as moot.


June 5, 2008

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.