In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00093-CV


______________________________




CAROL PASELK AND MYRLE REYNOLDS, Appellants



V.



DAVID AND PAT RABUN, Appellees




 


On Appeal from the 62nd Judicial District Court


Hopkins County, Texas


Trial Court No. CV36628




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 Carol Paselk, proceeding pro se, (1) appeals the final judgment awarding $100,000.00 in
attorney's fees to David and Pat Rabun. Paselk and Reynolds filed suit August 23, 2005, against the
Rabuns for negligence, nuisance, trespass, gross negligence, and negligence per se. Paselk and
Reynolds alleged the dairy farm owned and operated by the Rabuns discharged approximately
"90,000 gallons of thick, brown, sludgy toxic, dairy lagoon effluent" onto their horse ranch causing
the death of numerous horses and significant property damage. The Rabuns denied the allegations
and filed a cross-claim for attorney's fees under Section 251.004 of the Texas Agriculture Code. See
Tex. Agric. Code Ann. § 251.004 (Vernon 2004).

 During the course of the litigation, Paselk and Reynolds violated several discovery orders. 
Eventually, the trial court issued an order limiting Paselk and Reynolds to a single expert witness
and barring any recovery on undocumented horses. (2) Over two years after the filing of the lawsuit,
the trial court granted a partial summary judgment in favor of the Rabuns on claims for loss of 
horses. After numerous continuances, the trial court ordered jury selection to begin May 19, 2008. 
On April 23, 2008, Paselk filed a document titled "Plaintiff's Motion For Dismissal Without
Prejudice," which will be referred to as a nonsuit in the remainder of this opinion. (3) The Rabuns filed
a motion to  dismiss  Reynolds'  claims  for  want  of  prosecution  which  the  trial  court  set  for
 a  hearing on May 19, 2008--the same day that jury selection was scheduled to begin. 

 When neither Paselk nor Reynolds appeared at the setting for jury selection, the Rabuns
waived their right to a jury trial and the trial court conducted a bench trial on the counterclaim. The
trial court dismissed Reynolds' claims for want of prosecution, signed a final judgment awarding
$100,000.00 in attorney's fees to the Rabuns, (4) and severed the claims disposed of by partial summary
judgment. (5) The severed claims were assigned a different cause number. Paselk filed, on June 18,
2008, a motion for new trial and a motion to reinstate the dismissed claims. (6) The trial court held
a  hearing  on  the  motions  August  1,  2008.  The  motions  were  overruled  by  operation  of  law
August 2, 2008. (7) See Tex. R. Civ. P. 329b(c). On August 18, 2008, Paselk filed a notice of appeal. (8) 

 On appeal, Paselk and Reynolds raise six points of error. We will first address the
jurisdictional issues presented by this case. Because Reynolds failed to file a notice of appeal, this
court lacks jurisdiction over Reynolds. However, we do have jurisdiction over the partial summary
judgment which was severed from this case because Paselk's notice of appeal was a bona fide
attempt to appeal the severed case. We conclude the trial court did not err in granting the partial
summary judgment and did not err in failing to give Paselk notice before signing the dismissal based
on her nonsuit. Finally, Paselk has failed to show the trial court committed reversible error in
signing the final judgment in favor of the Rabuns. We dismiss Reynolds' appeal for want of
jurisdiction and affirm the judgment of the trial court.

I. This Court Lacks Jurisdiction Over Reynolds

 The Rabuns argue that this Court lacks jurisdiction over Reynolds because Reynolds failed
to file a notice of appeal. We agree. While the notice of appeal purports to appeal Reynolds' claims
as well as Paselk's claims, the notice was only signed by Paselk. Although a layperson has the right
to represent themselves, a layperson does not have the right to represent others. Jimison by Parker
v. Mann, 957 S.W.2d 860, 861 (Tex. App.--Amarillo 1997, no pet.). While Paselk could represent
herself pro se, Paselk could not act as an attorney for Reynolds. Paselk had no authority to file a
notice of appeal on Reynolds' behalf. Therefore, the record contains no notice of appeal filed by
Reynolds. This Court lacks jurisdiction over Reynolds. We dismiss Reynolds' appeal for want of
jurisdiction.

II. Paselk's Notice of Appeal Was a Bona Fide Attempt to Appeal the Severed Claims

 At various locations in her brief, Paselk complains about the partial summary judgment. The
Rabuns argue the partial summary judgment cannot be appealed because the partial summary
judgment was severed, and Paselk failed to file a separate notice of appeal. When the partial
summary judgment was severed it was assigned the separate cause number of CV36628A. Paselk's
notice of appeal, filed on August 18, 2008, specifically states she is appealing from the original cause
number of CV36628. 

 The Texas Supreme Court has held that alleging an "incorrect cause number on its notice of
appeal does not defeat the jurisdiction of the court of appeals" if the instrument is a bona fide attempt
to invoke appellate court jurisdiction. San Antonio v. Rodriguez, 828 S.W.2d 417, 418 (Tex. 1992). 
The notice of appeal specifically provides Paselk was attempting to appeal the "Order Granting
Defendant's Motion To Sever signed May 19, 2008." We conclude the notice of appeal in this case
was a bona fide attempt to invoke our jurisdiction over the partial summary judgment that had been
severed. 

 We note that the motion for new trial--which extended the appellate deadline--was only
filed under the original cause number rather than the severed cause number. In Philbrook v. Berry,
the Texas Supreme Court held that a motion for new trial which was filed in the wrong cause number
"did not operate to extend the court's plenary power over its judgment beyond the thirty days." 683
S.W.2d 378, 379 (Tex. 1985). While the Texas Supreme Court has yet to explicitly overrule
Philbrook, "the Texas Supreme Court has all but expressly overruled the decision." Leal v. City of
Rosenberg, 17 S.W.3d 385, 386 (Tex. App.--Amarillo 2000, no pet.) (concluding motion for new
trial filed in wrong cause number extended appellate deadlines); McRoberts v. Ryals, 863 S.W.2d
450, 454-55 (Tex. 1993) (distinguishing Philbrook when severed cause was never assigned cause
number because counsel "faced the impossible dilemma of having to timely file his motion for new
trial under a nonexistent cause number"); see Rodriguez, 828 S.W.2d at 418 (incorrectly transcribed
cause number does not deprive court of appeals of jurisdiction if it "is a bona fide attempt to invoke
appellate jurisdiction"). 

 In Blankenship v. Robins, 878 S.W.2d 138, 138-39 (Tex. 1994), the motion for new trial was
filed in the severed cause number rather than the original. A response was filed in the severed cause
number and the trial court docketed the motion for new trial in the severed cause number. Id. The
court, citing Mueller v. Saravia, 826 S.W.2d 608, 609 (Tex. 1992), held that a motion for new trial
in the wrong cause number is sufficient when both the parties and the court ignore the severance. 
Id. In this case, the motion for new trial complained, among other things, that the trial court "erred
in granting the motion for summary judgment" because fact issues existed and there had been
insufficient time for discovery. The response was filed in the original cause number and the order
setting the motion for a hearing was filed in the same original cause number. 

 Further, this is not a case where the cause numbers would create confusion concerning which
judgment the party was attempting to appeal. See Rainbow Group, Ltd. v. Wagoner, 219 S.W.3d
485, 492 (Tex. App.--Austin 2007, no pet.) (explaining Rodriguez as "comparing notices of appeal
in two different cases, court contrasted one notice's typographical error in cause number of isolated
case, which was amendable defect, with another notice's citation of wrong cause number in case that
had multiple cause numbers involving same parties, which was not amendable because mistake
created confusion as to which judgment party sought to appeal"). The notice of appeal specifically
provides Paselk was attempting to appeal the "Order Granting Defendant's Motion To Sever signed
May 19, 2008." We conclude that the motion for new trial extended the appellate deadline despite
being filed in the wrong cause number and that we have jurisdiction over the severed partial
summary judgment. 

III. The Trial Court Did Not Err in Granting a Partial Summary Judgment

 Paselk complains about various orders in her third, fourth, fifth, and sixth points of error. 
Paselk argues the trial court abused its discretion in limiting her to one expert witness, in granting
the partial summary judgment, in barring recovery for horses on which she could not produce
documentary evidence of ownership, and in striking expert witnesses designated after being limited
to one witness. Paselk claims the trial court erred in granting the partial summary judgment because
fact issues existed and the case had not ripened for determination. Because the trial court's ruling
on the partial summary judgment survived Paselk's nonsuit, (9) the nonsuit did not render moot the
claims as they relate to the partial summary judgment. As such, we will address Paselk's complaints
as they relate to the partial summary judgment. 

 A. The Trial Court's Order Limiting Paselk to One Expert Witness

 Paselk argues the order restricting her to a single expert witness constitutes a death penalty
sanction. A trial court has discretion to impose sanctions for discovery abuses under Rule 215 of
the Texas Rules of Civil Procedure. Tex. R. Civ. P. 215. We review the imposition of sanctions
for an abuse of discretion. Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Bodnow Corp.
v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986). A trial court abuses its discretion if it acts in
an arbitrary or unreasonable manner without reference to any guiding rules or principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Under an abuse of discretion
review, we are not free to substitute our own judgment for the county court's judgment. Bowie
Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). 

 "A death-penalty sanction adjudicates a party's claims without regard to their merits and is
based on the party's conduct during discovery." State v. Bristol Hotel Asset Co., 65 S.W.3d 638, 647
(Tex. 2001). If the order is a death penalty sanction, the trial court may have erred by not first
imposing lesser sanctions. "Death penalty" sanctions may be imposed as an initial sanction only in
exceptional cases in which lesser sanctions would not promote compliance. GTE Commc'ns Sys.
Co. v. Tanner, 856 S.W.2d 725, 729 (Tex. 1993); cf. Cire v. Cummings, 134 S.W.3d 835, 843 (Tex.
2004) (death penalty sanctions appropriate in "exceptional case where the only objective evidence
that would have supported or disproved Cummings's claims was deliberately destroyed"). Generally,
courts must impose--not just consider--lesser sanctions before resorting to the "death penalty."
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 918 (Tex. 1991) ("if a party refuses
to produce material evidence, despite the imposition of lesser sanctions, the court may presume that
an asserted claim or defense lacks merit and dispose of it"); see Hamill v. Level, 917 S.W.2d 15, 16
n.1 (Tex. 1996).

 The original deadline to designate witnesses was September 22, 2006, and the original
deadline for all discovery to be completed was December 15, 2006. During a hearing on March 23,
2007, the trial court asked Paselk how many expert witnesses she had. Paselk responded that she
only had one expert witness. The trial court granted a thirty-day extension to conduct a deposition
of Paselk's expert. On April 20, 2007, the trial court signed an order limiting Paselk to one witness
and ordering the deposition be conducted by April 23, 2007. Based on Paselk's statement, the trial
court may have entered this order in an attempt at docket management. See Clanton v. Clark, 639
S.W.2d 929, 931 (Tex. 1982) ("The trial court has a duty to schedule its cases in such a manner as
to expeditiously dispose of them. For this reason the court is given wide discretion in managing its
docket . . . ."). Assuming the order was a sanction, we are not convinced it was a death penalty
sanction. 

 The order in this case is not clearly a death penalty sanction. Paselk has failed to direct this
Court to any cases holding an order limiting a party to a single expert witness constitutes a death
penalty sanction. The trial court did not deny all use of expert witnesses. See Smith v. Nguyen, 855
S.W.2d 263, 265 (Tex. App.--Houston [14th Dist.] 1993, writ denied) (concluding limiting all
expert witnesses in medical malpractice case was death penalty sanction). The trial court, rather,
limited Paselk to the single expert witness she had managed to secure six months after the deadline
to designate witnesses. While certain sanctions such as striking a party's pleadings are clearly death
penalty sanctions, other sanctions, such as the one at issue, are only outcome determinative under
a narrow set of facts. Even monetary sanctions can be outcome determinative under certain
circumstances. In Braden v. Downey, 811 S.W.2d 922, 929 (Tex. 1991), the Texas Supreme Court
concluded the monetary sanctions assessed in that case were death penalty sanctions. However,
cases dealing with monetary sanctions suggest that evidence must be heard in order to establish
whether the sanctions are indeed outcome determinative. See Chrysler Corp. v. Blackmon, 841
S.W.2d 844, 850 (Tex. 1992) (noting "findings must be pertinent to the Transamerican standards
and supported by the record"). 

 A single expert witness may prove adequate in many cases, but some cases will require more
than one expert for the plaintiff to fully present his or her case. Whether an order limiting a party
to a single expert is an outcome determinative sanction requires evidence to be presented concerning
whether the case could be proven through a single expert. Paselk never attempted to present any
evidence to the trial court that she could not prove her case with only one witness. (10) Paselk merely
alleged she needed more than one expert witness. Given that the record fails to contain any evidence
that more than one expert witness was necessary, we are unwilling to conclude the order was a death
penalty sanction. 

 Since the record does not support the conclusion that the order was a death penalty sanction,
the next question is whether the order was an abuse of discretion. In TransAmerican Natural Gas
Corp. v. Powell, the Texas Supreme Court held that discovery sanctions must be measured by two
overarching standards: "First, a direct relationship must exist between the offensive conduct and the
sanction imposed. . . . Second, just sanctions must not be excessive. . . . A sanction imposed for
discovery abuse should be no more severe than necessary to satisfy its legitimate purpose." 811
S.W.2d at 917. A discovery abuse sanction should be only as severe as necessary to achieve its
legitimate purpose. Id. After reviewing the record we are unwilling to conclude the trial court
abused its discretion. Paselk's third point of error is overruled.

 B. The Trial Court Did Not Abuse Its Discretion in Striking Paselk's Untimely
Attempt to Designate Additional Expert Witnesses


 On September 21, 2007--a year after the original deadline to designate expert witnesses and
almost five months after the trial court's order limiting her to one witness--Paselk filed a
supplemental response that attempted to designate additional expert witnesses. On January 25, 2008,
the trial court signed an order striking Paselk's attempt to designate additional expert witnesses. The
agreed  docket  control  order  originally  specified  Paselk  must  designate  her  witnesses  by
September 22, 2006, and the case would be tried on January 24, 2007. The attempted designation
was over a year after the original deadline and over two years after the filing of the suit. Paselk has
not directed this Court to any extension of the deadline which would have permitted the designation. 
Although Paselk obtained a continuance, this case had already been set for trial. Under Rule 193.6
of the Texas Rules of Civil Procedure, the burden of establishing good cause or the lack of unfair
surprise or unfair prejudice is on the party seeking to call the witness. Tex. R. Civ. P. 193.6; Harris
County v. Inter Nos, Ltd., 199 S.W.3d 363, 368 (Tex. App.--Houston [1st Dist.] 2006, no pet.); see
Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 395 (Tex. 1989) (analyzing former rule). Paselk
made no attempt to show good cause for the untimely designation. The trial court did not abuse its
discretion in finding Paselk failed to show good cause. See Ersek v. Davis & Davis, P.C., 69 S.W.3d
268, 271 (Tex. App.--Austin 2002, pet. denied) (no abuse of discretion in concluding appellant did
not establish good cause by failing for more than one year to designate expert witness to support his
cause of action). Paselk's fifth point of error is overruled. 

 C. The Trial Court Did Not Err in Refusing to Wait for Administrative Agencies
to Act


 Throughout the proceedings, Paselk requested numerous continuances and admitted she was
attempting to delay the resolution of this case until the EPA or the Texas Commission on
Environmental Quality acted. On appeal, Paselk claims the trial court erred by not postponing
resolution of this case until after the EPA concluded its investigation and issued findings. Paselk
fails to cite any authority for her argument, and it could be overruled as inadequately briefed. Tex.
R. App. P. 38.1(h). We are not aware of any authority that grants the EPA exclusive or primary
jurisdiction over an individual's common-law tort claims. See Subaru of Am. v. David McDavid
Nissan, Inc., 84 S.W.3d 212, 220 (Tex. 2002) (discussing differences between exclusive and primary
jurisdiction doctrines). Nor are we aware of any authority that requires a court to abate a case
involving common-law tort claims until an administrative agency concludes its investigation into
regulatory violations. Paselk's sixth point of error is overruled. 

 D. Paselk Failed to Produce More than a Scintilla of Competent Evidence

 Paselk claims the trial court erred in granting the Rabuns' motion for partial summary
judgment. The Rabuns argue Paselk's response "included no competent, summary judgment evidence
to show the causal connection between the death of any livestock, the loss of foals or the failure of
livestock to bear future foals, that was proximately caused by an act or omission of Defendants." 
We agree. Paselk failed to present more than a scintilla of competent evidence that the Rabuns' acts
or omissions were the proximate cause of the death of horses owned by Paselk.

 A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents
more than a scintilla of probative evidence on each element of his or her claim. King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71
(Tex. App.--Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence "rises
to a level that would enable reasonable and fair-minded people to differ in their conclusions." 
Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 

 In a summary judgment hearing, the trial court's decision is based upon written pleadings and
written evidence rather than live testimony. See Tex. R. Civ. P. 166a(c). "To constitute competent
summary judgment evidence, affidavits must be made on personal knowledge, setting forth such
facts as would be admissible in evidence, and must affirmatively show that the affiant is competent
to testify to matters stated therein." Patrick v. McGowan, 104 S.W.3d 219, 222 (Tex.
App.--Texarkana 2003, no pet.); see Tex. R. Civ. P. 166a(f); United Blood Servs. v. Longoria, 938
S.W.2d 29, 30 (Tex. 1997). Conclusory statements, not supported by factual allegations, are
insufficient to support summary judgment. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991). 
Conclusions of the affiant that have no factual support are insufficient to raise an issue of fact, and
hearsay statements contained in affidavits are not competent to serve as summary judgment evidence. 
Alford v. Thornburg, 113 S.W.3d 575, 585 (Tex. App.--Texarkana 2003, no pet.).

 Although Paselk attached hundreds of pages of photographs, correspondence, and other
documents to her response, she has failed to direct us to where among the volumes of information
there is competent summary judgment evidence. Merely attaching unauthenticated documents and
photographs to a response does not make the attachments competent summary judgment evidence. 
Our own review of the record has not discovered more than a scintilla of competent summary
judgment evidence that an act or omission of the Rabuns was the proximate cause of the death of
horses owned by Paselk. The law is well settled that "[a] party proceeding pro se must comply with
all applicable procedural rules" and is held to the same standards as a licensed attorney. Weaver, 942
S.W.2d at 169. Although the unauthenticated attachments to the response suggest that Paselk has
suffered serious harm due to the Rabuns' actions, the overwhelming majority of the attachments are
not competent summary judgment evidence. As argued by the Rabuns, Paselk's summary judgment
evidence appears to consist almost entirely of unsworn opinions and incompetent summary judgment
evidence which this Court cannot consider. There is less than a scintilla of competent summary
judgment evidence establishing that the Rabuns discharged dairy lagoon effluent onto Paselk's land
and that effluent proximately caused the death of horses owned by Paselk. The trial court did not
err in granting the Rabuns a partial summary judgment.

 E. It Is Not Necessary to Address Whether the Trial Court Erred in Barring
Recovery for Undocumented Animals


 Paselk's last complaint is that the trial court abused its discretion by barring recovery for a
number of horses on which Paselk was unable to produce proof of ownership. On July 11, 2007,
the trial court entered an order which recited that a hearing had been conducted May 25, 2007 ,
concurrently with another case in which Paselk was a defendant, which also apparently involved
Paselk's horses. As a result, the trial court signed an order barring Paselk from recovering damages
on horses for which she could not produce some documentation establishing ownership of the
animals for which she sought recovery. Paselk argues that it is not uncommon for horses not to be
registered by their owners and it is clear that such horses still have value. As noted above, Paselk
failed to produce any competent probative evidence on causation. Since Paselk failed to prove the
actions of the Rabuns proximately caused the death of the horses, the order complained of had no
practical effect on the outcome of the trial. As such, it is not necessary for us to address whether this
order was an abuse of discretion. Paselk's fourth point of error is overruled.

IV. The Trial Court Did Not Err in Signing the Voluntary Dismissal Order Without
Written Notice


 Paselk argues, in her second point of error, that the trial court erred in granting her nonsuit
without written notice of a hearing. A nonsuit is effective upon filing; the order dismissing the
suit--while the "starting point for determining when a trial court's plenary power expires"--is purely
a ministerial act. Blackmon, 195 S.W.3d at 100 (quoting Shadowbrook Apts. v. Abu-Ahmad, 783
S.W.2d 210, 211 (Tex. 1990)). Because the act of signing the order dismissing Paselk's claims was
purely ministerial, there is no requirement that written notice be provided or that a hearing be held. 
The trial court did not err in failing to provide Paselk notice of signing the order dismissing her
claims at her request. We overrule Paselk's second point of error.

V. Whether Fact Issues Exist Is Irrelevant When a Case Proceeds to Trial

 The majority of Paselk's argument in her first point of error asserts the trial court erred in
granting a judgment in favor of the Rabuns on their counterclaim because genuine issues of material
fact exist. (11) When a nuisance action is brought against a lawful agricultural operation more than one
year after the commencement of the conditions or circumstances providing the basis for that action,
Section 251.004(a) permits a defendant to recover all costs of defense, including attorney's fees,
incurred in defense of the nuisance action. Holubec v. Brandenberger, 111 S.W.3d 32, 38 (Tex.
2003) (discussing legislative intent); see Tex. Agric. Code Ann. § 251.004. Paselk argues the
summary judgment evidence establishes the operation at issue--the discharge of dairy effluent--was
not a continuing operation, the discharge was in violation of a statute or regulation, and suit was
brought within a year. The existence of genuine issues of material fact will defeat a traditional
motion for summary judgment. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985). The final judgment in this case, though, is not a summary judgment but rather a judgment
following a bench trial on the merits.

 This case proceeded to a trial on the merits. Whether the summary judgment evidence refutes
Rabun's testimony at trial is not relevant to this appeal. In order to be considered on an appeal from
a trial on the merits, summary judgment evidence must have been introduced and admitted during
the trial on the merits. See Noble Exploration, Inc. v. Nixon Drilling Co., Inc., 794 S.W.2d 589, 592
(Tex. App.--Austin 1990, no writ); Wright v. Gifford-Hill & Co., 736 S.W.2d 828, 835 n.2 (Tex.
App.--Waco 1987, writ ref'd n.r.e.). Since none of the summary judgment evidence was offered or
admitted as evidence at trial, we cannot consider the summary judgment evidence in our review. The
only evidence in the record is the testimony by David Rabun that the elements of Section 251.004
were met. (12) No contrary evidence was introduced at the bench trial. The existence of genuine issues
of material fact is irrelevant when a case proceeds to trial because at that time, the trial court resolves
any conflicting evidence in determining the judgment. 

 Paselk also argues in her first point of error that the trial court erred in denying her motion
to reinstate, in denying her motion for new trial, and violated her due process rights. The entire
argument concerning these points of error is as follows:

 The trial court further abused its discretion in not deciding in favor of Appellants
Motion  For  New  Trial,  Motion  To  Reinstate,  and  Motion  to  Modify  The
Judgment -- at which time copies of the US EPA complaint action filed June 17,
2008 against the Rabuns were presented to the court -- when the court took the
Motions under advisement and allowed this case to simply close by operation of law
unless Appellant filed a Notice of Appeal. The trial court abused its discretion in
violating Appellants right to "fundamental fairness" in procedural due process of law,
under the Fourteenth Amendment of the United States Constitution, and denied
Appellant the right to due process guaranteed by the Texas Constitution, Article I,
Section 19. 


An issue or point of error addressing more than one specific ground of error is multifarious. Shull
v. United Parcel Serv., 4 S.W.3d 46, 51 (Tex. App.--San Antonio 1999, pet. denied). An appellate
court has discretion to refuse to address a multifarious issue. Id. Further, Paselk has failed to cite
any authority in support of these arguments. We review and evaluate pro se pleadings with liberality
and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. 
Foster v. Williams, 74 S.W.3d 200, 202 n.1 (Tex. App.--Texarkana 2002, pet. denied). The Texas
Rules of Appellate Procedure require an appellant's brief to contain "a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App.
P. 38.1(h). It is not the proper role of this Court to create arguments for an appellant--we will not
do the job of the advocate. See Maranatha Temple, Inc. v. Enter. Prods. Co., 893 S.W.2d 92, 106
(Tex. App.--Houston [1st Dist.] 1994, writ denied). To the extent Paselk's first point of error
complains about the trial court refusing to reinstate the dismissed claims, refusing to grant a new trial
on the Rabuns' counterclaim, or violating Paselk's right to due process, these arguments are overruled
as multifarious and inadequately briefed. 

 We overrule Paselk's first point of error.

VI. Conclusion

 This case illustrates the dangers of proceeding pro se -- particularly in complex
environmental litigation. For the reasons stated, we dismiss Reynolds' appeal for want of jurisdiction
and otherwise affirm the judgment of the trial court. 



 Jack Carter

 Justice


Date Submitted: April 29, 2009

Date Decided: June 16, 2009
1. Although Paselk and Myrle Reynolds were originally represented by counsel, their attorney
withdrew from the case early in the proceedings and Paselk and Reynolds proceeded pro se for most
of the litigation. The law is well settled that "[a] party proceeding pro se must comply with all
applicable  procedural  rules"  and  is  held  to  the  same  standards  as  a  licensed  attorney. Weaver
v. E-Z Mart Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.). "On appeal,
as at trial, the pro se appellant must properly present its case." Strange v. Cont'l Cas. Co., 126
S.W.3d 676, 678 (Tex. App.--Dallas 2004, pet. denied). We review and evaluate pro se pleadings
with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted
by lawyers. Foster v. Williams, 74 S.W.3d 200, 202 n.1 (Tex. App.--Texarkana 2002, pet. denied).
2. The Rabuns had requested all expert witnesses be struck due to repeated violations of
discovery orders by Paselk and Reynolds. The Rabuns had alternatively requested all claims be
dismissed and monetary sanctions be awarded. Paselk had claimed the discovery requests were
unreasonable. 
3. A voluntary dismissal without prejudice requested by the plaintiff is normally referred to as
a nonsuit. A plaintiff has an absolute right to take a nonsuit before resting its case against the
defendant. Tex. R. Civ. P. 162. A nonsuit will not affect, however, a pending claim for affirmative
relief, sanctions, or other costs. Tex. R. Civ. P. 96, 97(h), 162; Villafani v. Trejo, 251 S.W.3d 466,
469 (Tex. 2008). A nonsuit will also not disturb a court's prior judgment on the merits of a claim,
including a partial summary judgment against the nonsuiting party. Villafani, 251 S.W.3d at 469.
4. The Rabuns had requested an award of $111,844.46.
5. Paselk does not challenge the timing of this severance. Any error in severing a claim after
the case has been submitted on its merits has not been assigned for our review. Pat Baker Co. v.
Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (appellate courts are prohibited from addressing
unassigned error in civil cases).
6. Among other documents, Paselk attached to her motion for new trial an unauthenticated
copy of an administrative complaint issued by the Environmental Protection Agency (EPA) alleging
the Rabuns had violated the Clean Water Act. 
7. In addition, the trial court signed an order denying both motions August 26, 2008. 
8. We note Paselk's notice of appeal specifies that it is a restricted appeal. To prevail on a
direct attack on a judgment by a restricted appeal, an appellant must establish that:

 

 (1) [he or she] filed notice of the restricted appeal within six months after the
judgment was signed; (2) [he or she] was a party to the underlying lawsuit; (3) [he
or she] did not participate in the hearing that resulted in the judgment complained of
and did not timely file any postjudgment motions or requests for findings of fact and
conclusions of law; and (4) error is apparent on the face of the record.


Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); see also Tex. R. App. P. 26.1(c),
30. Because Paselk timely filed a motion for new trial, Paselk may not pursue a restricted appeal. 
Tex. R. App. P. 30; see In re Estate of Head, 165 S.W.3d 897, 902 (Tex. App.--Texarkana 2005,
no pet.). We will construe Paselk's notice of appeal as an ordinary notice of appeal. 
9. A nonsuit will not disturb a court's prior judgment on the merits of a claim, including a
partial summary judgment against the nonsuiting party. Villafani, 251 S.W.3d at 469. To the extent
Paselk's complaints relate to her causes of action which were not disposed of in the partial summary
judgment, any complaint is moot. Paselk filed a nonsuit concerning all her causes of action not
disposed of in the partial summary judgment. A nonsuit has the effect of vitiating earlier
interlocutory orders and rendering moot any issues related to those orders. See id. ("One unique
effect of a nonsuit is that it can vitiate certain interlocutory orders, rendering them moot and
unappealable."); Univ. of Tex. Med. Branch at Galveston v. Blackmon, 195 S.W.3d 98, 101 (Tex.
2006) (nonsuit has effect of "rendering the merits of the case moot"); In re Bennett, 960 S.W.2d 35,
38 (Tex. 1997). Thus--to the extent Paselk complains about the trial court's interlocutory orders
concerning the causes of action voluntarily dismissed by her nonsuit--her complaints are moot. 
10. We note there are no written findings that the sanction is not a death penalty sanction. The
Texas Supreme Court has specifically held not all sanctions require the trial court to issue written
findings. Blackmon, 841 S.W.2d at 852. 
11. Paselk has not challenged the competency or sufficiency of the Rabuns' testimony on
appeal, but merely argues there are genuine issues of material fact. Even liberally construed, Paselk's
argument cannot be interpreted as challenging the competency or sufficiency of the Rabuns'
testimony, and Paselk does not cite any standards other than the standard for reviewing summary
judgments. We are prohibited in civil cases from addressing unassigned error, i.e., a ground not
presented in the appellate briefs. Wilson, 971 S.W.2d at 450; Wal-Mart Stores, Inc. v. Kelley, 103
S.W.3d 642, 645 (Tex. App.--Fort Worth 2003, no pet.).
12. Paselk has attached several documents to her appellate briefs which are not contained in
the record. We cannot consider documents, that are not part of the record, attached as appendices
to briefs. WorldPeace v. Comm'n for Lawyer Discipline, 183 S.W.3d 451, 465 n.23 (Tex.
App.--Houston [14th Dist.] 2005, pet. denied).